# South & North Alabama Railroad Co. v. Highland Avenue & Belt Railroad Co.

*Bill in Equity to enforce Specific Performance of a Contract.*

1. *Decree; on motion to dismiss bill will support appeal.*—Under the provisions of the statute (Code, § 3612), a decree overruling a motion to dismiss a bill for the want of equity will support an appeal.

2. *Same; on demurrers; appeal.*—In practice, each separate ground of a demurrer is regarded as a special demurrer; and a defendant may appeal from a decree overruling several grounds of demurrer interposed to a bill, though it sustains another ground of the same demurrer.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, the Highland Avenue & Belt Railroad Company, against the appellant, the South & North Alabama Railroad Com-

pany, to compel the specific performance of an alleged covenant in a deed from the Elyton Land Company to the defendant, in which the defendant agreed to allow any other railroad company running into the city of Birmingham to construct its road upon the right-of-way granted to the defendant by the Elyton Land Company. The respondent moved to dismiss this bill for the want of equity; and demurred to it upon several grounds.

On the submission of the cause, upon the motion to dismiss and upon the demurrers, the motion to dismiss was overruled. The chancellor sustained the ground of the demurrer which assigned as a cause of demurrer that the Elyton Land Company was a necessary party to the suit, and overruled the other grounds of demurrer. The present appeal is prosecuted by the respondent, who assigns as error the decree of the chancellor overruling the motion to dismiss the bill for the want of equity, and overruling the several grounds of demurrer. In this court, a motion was made by the appellee to dismiss the bill, on the ground that the decree appealed from, sustained one of the grounds of defendant's demurrer, was therefore in favor of the defendant, and could not be appealed from by it.

HEWITT, WALKER & PORTER, for appellant.

ALEX. T. LONDON, contra.

BRICKELL, C. J.—The appellee submits a motion to dismiss the appeal, and the ground of the motion is, that one of the several causes of demurrer specially assigned, directed to the whole bill, necessitating an amendment, was sustained. The argument in support of the motion, is, that a demurrer to a bill in equity is an entirety, however many grounds or causes of demurrer may be assigned, and if it be sustained in part, the party demurring can not maintain an appeal to revise the rulings of the court, overruling it in other respects. According to the original practice of the court of chancery, demurrers were general or special. The general demurrer assigned no particular cause; the usual formulary, if directed to the whole bill, was a mere negation of its equity; the special, particularized the objections to or

defects in the bill, relied upon to defeat it. If the bill
was defective in substance, not making a case of equitable
cognizance, the general demurrer was sufficient; if de-
fects in point of form, was the matter of objection, the
special demurrer was indispensable.—Story Eq. Pl.,
§ 455. The general demurrer being sustained, the re-
sult was to put the bill out of court, and further pro-
ceedings could not be taken in the cause, without an
amendment, which was not matter of right, but of judi-
cial discretion. The demurrer, and the decree sustaining
it, may have been deemed an entirety, and from the de-
cree, the party demurring could not have maintained an
appeal, for if there was error in it, the error was not of
injury to him. The general demurrer has no place in
our practice. The statute is: "A demurrer to the bill
must set forth the ground of demurrer specially, and
otherwise must not be considered."—Code, § 3443. The
uniform construction of the statute has been, that a de-
murrer pursuing the formulary of the general demurrer,
can not be considered; that it is mere nullity, (3 Brick.
Dig., 389, § 365); and that only the causes of demurrer
specially assigned can be considered, though other good
and sufficient cause may be apparent.—3 Brick. Dig.
389, § 364. In practice, each separate cause of demurrer,
has been regarded as a special demurrer, and error in
sustaining or overruling it, as cause of reversal, unless
the presumption of injury from the error is clearly re-
pelled.

As matter of right, the party deeming himself ag-
grieved, is entitled to an appeal for the revision of a de-
cree sustaining or overruling a motion to dismiss a bill
for want of equity; or sustaining or overruling a demur-
rer to the bill.—Code, § 3612. The decree before us
overruled the motion to dismiss the bill for want of equity,
and also overruled all but one of the special demurrers.
It would seem apparent, that if there be not a departure
from the statute, and a denial of the right it confers, the
appeal must be entertained, so far as it presents for re-
vision the decree overruling the motion to dismiss; and
when it is borne in mind, that each separate cause of
demurrer is of itself a special demurrer, distinct from
and independent of all other causes, it is equally appar-
ent, that the appeal is well taken, presenting for revision

the decree in so far as these special demurrers were over-ruled. Sustaining one of them, did not put the bill out of court. The complainant was simply put to an amend-ment, which was matter of right, not of judicial discre-tion, to cure the particular objection. The decree con-tinued the cause in court compelling the defendant to plead or answer. The purpose of the statute allowing an appeal from an interlocutory decree, sustaining or overruling a motion to dismiss a bill for want of equity, or sustaining or overruling a demurrer to the bill, is, that parties may be saved from the delay and expense of protracted litigation, if the bill be wanting in equity; or if it be subject to causes of demurrer, which would operate a reversal of the final decree. The equity of the bill, or its sufficiency to support a final decree granting relief, are matters which ought to be determined as far as practicable, in the earlier stages of the suit; the in-terest of the parties, and the ends of right and justice, require the determination. The purposes of the statute, and the practice under it, leave no room for doubt that the appeal is well taken, and opens for revision, not only so much of the decree as overruled the motion to dismiss the bill, but also so far as the special demurrers were overruled. The motion to dismiss the appeal is over-ruled.