# Tatum v. Tatum.

*Bill in Equity to set aside Settlement of a Trust.*

1. *Equity pleading; ruling on demurrers to bill.*—Where a bill in equity is demurrable and a demurrer presenting its defects is sustained, the decree sustaining such demurrer will not be reversed, though the chancellor assigned in his decree a wrong reason for such ruling.

2 *Trusts and trustees; settlement of a trust and effect thereof.*—Where a testator devised to one of his sons a part of his estate in trust for the use and benefit of the family of another son, with authority in such trustee, whenever he should see proper, to make a settlement of his trust for the benefit of his said brother's family or children, with full discretion as to the share each should have, and when in the exercise of the trust conferred by the will said devisee selected the children of his said brother as the beneficiaries of the trust estate and settled the property upon them and had such settlement confirmed by decree of court, and himself discharged as trustee, on his own prayer, by such selection and settlement the trust is fully executed and completed; and the trustee can not, in the absence of fraud therein, thereafter maintain a bill in equity to have the selection and settlement set aside, in order that he may make a different selection and settlement.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. JOHN G. WINTER.

The bill in this case was filed by Heywood Tatum,

[Tatum v. Tatum.]

who was a donee of the power of selection and appointment of a certain interest under the will of his father, Berry Tatum, Sr., and who, in the exercise of such power, selected the two minor children of Berry Tatum, Jr., as the beneficiaries thereof, and executed directly to them a deed settling the interest upon them.

The prayer of the bill was that the settlement previously made by the complainant, as said trustee, upon the children of Berry Tatum, Jr., and so much of the legal proceedings as authorized and confirmed said settlement, be set aside and vacated; that the resignation of the complainant, as said trustee, be withdrawn and set aside, so as to permit him to make a selection of Berry Tatum, Jr., and that the deed previously executed be cancelled, and that the said trustee be empowered to execute the deed to Berry Tatum, Jr. The facts of the case are sufficiently stated in the opinion.

The present appeal is prosecuted by the complainant from the decree of the chancellor sustaining a demurrer interposed to the bill, and this decree is here assigned as error.

J. M. CHILTON, for appellant.—The trustee has the right to file the present bill. The distinction is very patent between cases where the trustee resigns, without having executed the trust, and where he claims that he is discharged, because he : as fully executed it. In the first instance, after his resignation, he, of course could not maintain an action as trustee. It would be the duty of the court in such case to appoint a new trustee. But where the trustee claims his discharge by reason of having fully executed the trust, then the question turns upon whether the trust has, in fact, been executed in accordance with the power. No trustee, in all the history of the law, has ever been held entitled to his discharge, where it appeared that, for any reason, he has made a settlement fraudulently, improperly, or erroneously. His trust continues in such cases, and he may again exercise the power of appointment (where such is the trust) even without resorting to a court to set aside the prior appointment.—2 Pom. Eq. Jur., § 1067.

A bad appointment is a nullity; therefore where the whole or even part of the fund is ill appointed, it goes according to its original destination, in the event of

[Tatum v. Tatum.]

there being no appointment.—2 Sugden on P., p. 202. "If a power be badly executed, it may, in many cases, be re-exercised in a valid manner. As if a father make an appointment upon an improper bargain with a child, he may, having discovered that the appointment can not be supported, make a new, independent, valid appointment under the original power."—1 Sugden on Powers, 355, § 42. Besides, a settlement upon infants is not an execution of the trust. It should be made to some guardian.—2 Perry on Trusts, § 624; 27 Amer. & Eng. Encyc. of Law, 152; *Trotter v. Blocker*, 6 Port. 269.

GORDON MACDONALD, *contra.*—The authorities seem to bear out the city court in its construction of this will. The primary meaning of the word "family" is "children," and there must be some peculiar circumstances, arising, either from the will itself or from the situation of the parties, to give it another.—2 Jarman on Wills, (6th ed.),pp. 101, 102, pp. 941-942, and authorities cited in notes.

COLEMAN, J.—The will of Berry Tatum, Sr., contains the following provision: "Item 4. The rest and residue of my estate I direct shall be divided into five parts, one part to my son Heywood Tatum for himself, and one part to my son Heywood in trust to have and to hold and manage and apply to the uses and benefit of the family of his brother, Berry Tatum, as long as my said son, Heywood, shall live or desire and be willing to discharge this trust; and whenever he desires, he can make such statements or settlements for the interest and benefit of his said brother's family or children, or any member or members of said family, as he thinks best, giving him full discretion as to the share each shall have, or whether it shall be given to some, or all and the portions to be given to each. And in the event of the death of my said son Heywood without making such settlement, I will that the share so held in trust shall vest in and belong to the children of my son Berry Tatum then living, in fee simple, and deceased child's children taking the share the parent would have been entitled to if living. And in default of children or their descendants then living, to my said son Berry if living, and if not

then to my heirs." In execution of the trust and power conferred in said item 4 of the will and at his instance and request, by proceedings had 'in the city court of Montgomery county, sitting in equity, the said Heywood Tatum made known and declared that he had "selected Edmund Tatum, and Clarke Tatum and such other children as might be thereafter born to said Berry Tatum, Jr., from the family of said Berry Tatum, Jr., as the persons upon whom to settle the estate therein devised and bequeathed. The present bill shows these facts, and further shows that the city court decreed such settlement to be made and upon proper conveyances and transfers having been executed to said Edmund and Clarke and such other children as might thereafter be born," it was decreed that the resignation of said Heywood as trustee be accepted, and that he be fully discharged as such trustee. The object of the present bill is to have the selection and settlement heretofore made in favor of Edmund and Clarke, children of Berry Tatum, and such others as may be born to him, set aside and annulled and that he be allowed to select Berry Tatum, Jr., himself as the member of his family, upon whom to settle said estate. The equity of the bill is made to rest wholly upon the following averments: that "orator would have selected the said Berry Tatum, Jr., as the beneficiary under the trust conferred by said will, but for the fact that your orator was advised by counsel that under said trust powers, the said Berry Tatum, Jr., was not one of the persons from among whom he was authorized to make the selection, his counsel in that proceeding stating that the said Berry Tatum, Jr., was not a member of his own family, and that, therefore, your orator could not as such trustee settle said funds upon him; that but for such advice, he would not have made the settlement upon the children, which he did make, by the execution of said deed; *     *     * that such advice was erroneous, and the selection made the result of such mistake, and that orator desires to nominate and select Berry Tatum, Jr., who shall be the beneficiary," &c. The court sustained a demurrer to the bill, and the appeal is prosecuted from the ruling of the court sustaining the demurrer.

The questions presented by the demurrer, are, first, that Berry Tatum, Jr., is not a member of his family,

[Tatum v. Tatum.]

upon whom the trust property could be settled, within the meaning of the will; second, that the power and trust had been fully exercised and executed in the selection and settlement upon the children of Berry Tatum, Jr., and that all power vested in the complainant by the will had ceased; and, third, that if any mistake had been made, it was one of law, not induced by any fraud, deceit or improper practices of these defendants, and hence cannot be relieved against in any court. The court sustained the demurrer upon the first ground assigned, and made no ruling as to the other grounds of demurrer.

The respondents to the present bill are minors, represented only by a guardian *ad litem*. It is the duty of courts of equity to protect the interest of minors when their interests are involved as far as justice to others and a proper observance of the rules of practice in the courts of equity will permit. The demurrer is to the whole bill and is single, notwithstanding it was predicated upon several grounds. The sustaining of any ground, is a sustaining of a demurrer to the bill. When a bill is defective, and subject to demurrer, and the defect is raised by the demurrer and the demurrer to the bill is sustained by the court, its rulings will not be reversed, although sustained for a wrong reason. The court was under no duty to specify the particular grounds, upon which it sustained the demurrer. It may be well enough in an opinion to express what it conceives the law to be upon all questions presented by the demurrer, so as to advise counsel in the premises, but the decree upon pleadings should be in conformity to the pleadings. The decree upon a demurrer is, either, one sustaining or overruling it. We have no doubt that the power and trust conferred by the 4th item of the will, upon Heywood Tatum, so far as he is concerned, has been fully exercised and completed, and has ceased to exist. The voluntary selection of, and settlement of the property by him upon, the children of Berry Tatum, Jr., was strictly within the power and trust conferred upon him by the will, and in compliance with and obedience to its provisions; the settlement was confirmed by a decree rendered upon his own prayer; and as authorized by the will, he voluntarily resigned his trust, and, at his request, his resignation as trustee was accepted by the

[Rosenau v. Childress.]

court, and he was discharged by its order as trustee. The decree of the court made in accordance with his selection of the beneficiaries, and settlement upon them, the acceptance of his resignation and his discharge as trustee, were not superinduced or effected through any fraud or deception. Heywood Tatum had no more authority or power, after that settlement and his resignation and discharge, to again execute the trust and power, than if he had never been invested with the trust and power by the will. Berry Tatum had no further interest under the will, than such as Heywood Tatum in the exercise of his discretion saw proper to bestow upon him. By the will, Heywood Tatum was authorized whenever he saw proper to make the settlement "for the benefit of his said brother's family or children, or any member or members of said family, as he thinks best, with full discretion as to the share each shall have, or whether it shall be given to some or all, and the portion to be given to each." His authority could not well have been expressed in more explicit or clearer language.

After carefully considering the bill of complaint, we are unable to see where it has any equity, or that Heywood Tatum has any authority to maintain it, and we arrive at this conclusion independent of the question specially as to whether Berry Tatum, Jr., was a member of his family within the provisions of the will. We are clear the bill was subject to the demurrer raised against it, and the court did not err in so holding.

Affirmed.