# Watson *v.* Jones Brothers.

*Bill in Equity to Reform a Mortgage.*

1. *Demurrer when sustained on one ground is in effect sustained on all; defendant cannot appeal.*—If a bill in chancery is demurred to on a number of grounds, and the demurrer is sustained on one of them, the effect of the decree is to sustain the whole demurrer, and put the case out of court unless the bill is amended; and from such decree the defendant cannot appeal.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JERE N. WILLIAMS.

The facts appear in the opinion.

A. A. DOZIER, for appellant.

HOUSTON & POWER and GEORGE A. HAYS, *contra.*

McCLELLAN, C. J.—The bill in this case was filed by Jones Brothers against Tina Watson. The respondent demurred to the bill assigning a number of grounds. The chancellor sustained the demurrer. And the respondent prosecutes this appeal from that decree. Of course the appeal cannot be maintained, the decree appealed from having been in favor of the appellant. It is of no consequence that in rendering his decree sustaining the demurrer, the chancellor undertook to say that he overruled all the grounds of demurrer except a specified one, nor is it of any consequence that there were two demurrers, filed on different days, embraced in the submission, and that the chancellor assumed to say that he overruled all the assignments of demurrer set down in the one and all that were set down in the other except one. The decree did sustain the 14th ground assigned in one of the demurrers. And it is a decree

[Chadwick v. Chadwick.]

sustaining a demurrer to the bill, and nothing more or less. His reference to the assignment upon which he rested the decree is the mere giving of his reason for the decree, and his reference to the other assignments is to be taken as a mere expression of his opinion that the bill is not bad for the reasons stated in them. What he did and all he did was to sustain respondent's demurrer to the bill, and the effect of this was to put the bill out of court unless it is amended. The respondent can take no steps in the cause until the amendment is made. She may then, as she is advised again demur to the bill, and appeal to this court if her demurrer is overruled. If the amendment is not made she goes out of court with her costs. She cannot come here now to have this court declare whether the chancellor's reasons for the decree he rendered and his views as to the bill being otherwise unobjectionable are sound. She cannot thus have us to review a decree in her favor, or to render any judgment here in respect of a mythical decree, a decree never rendered in legal contemplation against her. The appeal must be dismissed.

Dismissed.