# Cottingham *et al. v.* Greely *et al.*

*Bill in Equity to set aside Fraudulent Conveyance.*

1. *Chancery pleading; effect of sustaining one ground of demurrer; defendant can not appeal.*—Where a bill in chancery is demurred to on several grounds and the demurrer is sustained on one of them, the effect of the decree is to put the case out of court, unless the bill is amended; and from such decree the defendant can not appeal.

2. *Fraudulent conveyance; equity of bill to set same aside.*—Where a bill filed by a judgment creditor to set aside an alleged fraudulent conveyance by a debtor avers that the debtor executed a bill of sale of his property for the purpose of hindering, delaying and defrauding his creditors and to prevent the collection of the complainant's judgment, that the consideration for such sale was fictitious and simulated, that after the execution of the bill of sale the property remained in the debtor's hands and there was no visible change in possession, and that the business as a matter of fact was carried on for the benefit of the debtor, such bill contains equity; and a motion to dismiss it for the want of equity is properly overruled.

APPEAL from the Chancery Court of Bibb.
Heard before the Hon. THOS. H. SMITH,

The bill in this case was filed by the appellees as judgment creditors of E. N. Cottingham & Co., and averred that prior to December 23d, 1892, the complainants were the creditors of E. N. Cottingham & Co., a firm carrying on a mercantile business and composed of E. N. Cottingham and J. L. Suttle; that judgment was recovered on their claims and execution issued on said judgment and returned "No property found;" that on December 23d, 1892, E. N. Cottingham & Co. executed a bill of sale of their mercantile business to J. M. Cottingham, the father of E. N. Cottingham and M. E. Suttle, the mother of J. L. Suttle; that this bill of sale was made for the express purpose of hindering, delaying and defrauding the complainants and other creditors of E. N. Cottingham & Co., and that the recited consideration as expressed therein was simulated and fictitious; that there was conveyed by said bill of sale a number of accounts, from which J. M. Cottingham collected large amounts of money; that J. M. Cottingham utilized the money so obtained from these accounts in the purchase of several tracts of land, taking the title thereto in his own name; that subsequently he, J. M. Cottingham, and E. N. Cottingham, executed a mortgage to William Walker upon certain of these lands so purchased.

It was then averred in the bill that after the execution of the bill of sale there was no change of possession; that E. N. Cottingham remained in possession of the stock of goods and mercantile business as the agent of J. M. Cottingham, and that the business, as a matter of fact, was carried on for the benefit of E. N. Cottingham & Co.; the bill of sale being a mere pretext for the purpose of defrauding the creditors of said firm. E. N. Cottingham, J. M. Cottingham, J. L. Suttle and William Walker were made parties defendant to the bill.

The prayer of the bill was that the bill of sale from E. N. Cottingham & Co. be set aside and annulled; that the purchase of the lands by J. M. Cottingham with proceeds from the accounts transferred to him be decreed to be for the benefit of the complainants, and that the mortgage to Walker be foreclosed, and the proceeds therefrom be paid to the complainants.

To this bill the defendants demurred upon several grounds: The first was that the bill was multifarious in that it sought to have set aside and declared fraudulent and void the bill of sale to J. M. Cottingham and M. E. Suttle, and that M. E. Suttle was not made a party defendant. It is unnecessary to set out the other grounds of demurrer. The defendants also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers and the motion to dismiss the bill, the chancellor rendered a decree sustaining the first ground of demurrer and overruling the other grounds of demurrer, and also overruling the motion to dismiss the bill for the want of equity. The respondents appeal, and assign as error the decree of the chancellor overruling all of the grounds of demurrer except the first and overruling the motion to dismiss the bill.

J. M. McMASTER, for appellant, cited *Sandlin v. Robbins*, 62 Ala. 477; *Dickinson v. Bank,* 98 Ala. 546; *Adams v. Jones*, 68 Ala. 117; *Hardin v. Swoope,* 47 Ala. 273; *Clay v. Gurley*, 62 Ala. 14.

LOGAN & VANDEGRAAFF, *contra.*—The defendants in the court below can not appeal from the decree in this case. The decree sustained one of the grounds of demurrer to the bill.—*Watson v. Jones,* 121 Ala. 579.

The bill contains equity, and the motion to dismiss it was properly overruled.—*Dickinson v. Bank*, 98 Ala. 546; *O'Neil v. Bir. Brewing Co.*, 101 Ala. 383.

. TYSON, J.—The appellants seek a review of a decree in their favor sustaining the first assignment of demurrer interposed by them and overruling their motion to dismiss the complainants' bill for want of equity, and other grounds of demurrer assigned by them.

There was no amendment by the complainants of their bill to meet the defect pointed out by the demurrer which the chancellor sustained, and until the bill is amended the complainants have no cause in court, and should they fail to make the amendment within the time required by the order of the court the appellants go out

[Preferred Accident Insurance Co. v. Gray.]

of court with their costs. They cannot come here to have this court review the decree upon the demurrer in their favor, or "to render any judgment here in respect to a mythical decree, a decree never rendered in legal contemplation against them."—*Watson v. Jones Bros.*, 121 Ala. 579.

The motion to dismiss the bill for want of equity was properly denied.

Affirmed.