# Esslinger *v.* Herring.

### *Decree on Demurrers to Bill.*

(Decided June 30th, 1905. 40 So. Rep. 142.)

1. *Appeal; Right of Appeal; Decision Favorable to Appellant.*—A decree sustaining demurrers to a bill, will not support an appeal by respondent to review the reasons given by the chancellor, who sustained certain grounds of demurrer and overruled others, as to the grounds of demurrer overruled, for it is a decree sustaining demurrer, and therefore favorable to appellant.

APPEAL from Madison Chancery Court.
Heard before Hon. W. H. Simpson.

[Esslinger v. Herring.]

Action by Minnie L. Herrin against Emma C. Esslinger. From a decree sustaining a demurrer to the bill, resepondent appeals.

TANCRED BETTS, for appellant.—Counsel discusses the various questions raised by the pleadings and cite authorities to sustain the same, but does not discuss the points decided.

GRAYSON & GRAYSON, for appellee.—Counsel discuss propositions contained in the pleadings, and cite authorities but do not discuss the point decided.

DENSON, J.—After the bill had been amended the second time the respondent demurred to it, assigning 13 grounds or causes of demurrer. The chancellor sustained the demurrer, and it is from this decree that the appeal is taken by the respondent.

Notwithstanding the decree recites that the demurrer is sustained on specified grounds and overruled as to all others, it is a decree sustaining a demurrer to the bill, and nothing more or less. As was said by this court in the case of *Watson v. Jones Brothers,* 121 Ala. 579, 25 South. 720 : "The chancellor's reference to the assignments upon which he rested the decree is the mere giving of his reason for the decree, and his reference to the other assignments is to be taken as a mere expression of his opinion that the bill is not bad for the reasons stated in them." The decree recites that the complainant in open court amended the bill to conform to the ruling of the court on the demurrer, and the respondent was allowed 30 days in which to answer the bill. The respondent, desiring to present for review the questions raised by the grounds of demurrer that were overruled, should, after the amendment was made, have demurred to the bill as amended upon those grounds. And, if the court had then overruled the demurrer to the bill as amended, an appeal from the decree overruling the demurrer would have been proper. But as the record stands the decree appealed from is favorable to the respondent, and she cannot complained of it. It follows that the appeal must be

dismissed.—*Watson v. Jones Brothers, supra; Kinney v. Reeves & Co.*, 139 Ala. 240, 25 South. 834; *Cottingham v. Greely*, 123 Ala. 479, 26 South. 514; *Coleman v. Butt*, 130 Ala. 266, 30 South. 364; *McDonald v. Pearson*, 114 Ala. 630, 21 South. 534.

Appeal dismissed.

McClellan, C. J., and Dowdell and Anderson, JJ., concur.