# Pollak *v.* Stouts Mountain C. & C. Co., *et al.*

*Bill for an Accounting and Discovery.*

(Decided November 20, 1913.  63 South. 531.)

1. *Equity; Bill; Demurrer; Parts of Bill; Cross Assignment.*— Where the appeal is taken from an order sustaining a demurrer only so far as it attacks certain parts of the bill, and there are no cross assignments of error, the appellate court can review the rulings only to the extent the demurrer has been sustained.

2. *Same; Pleading; Demurrer to Part of Bill.*—A demurrer to a part of the bill is equivalent to the motion to strike out the part thus objected to, and the sustaining of the demurrer has the same effect as the sustaining of a motion to strike the objectionable portion.

3. *Pleading; Demurrer; Part of Count.*—Although a demurrer may be addressed to a part of a complaint or declaration at law where it is made up of several counts, yet a demurrer may not be addressed to a part of the count, but must go to the count as a whole.

4. *Mines and Minerals; Contracts; Lease; Substitution.*—Where a defendant had previously worked mines under a lease executed to complainant in 1905, and subsequently in 1907, executed a lease containing more onerous conditions as a substitute for the former lease, all liabilities for coal taken from the mine or damages accruing up to the making of the lease in 1907, is controlled by the lease executed in 1905, and all subsequent liabilities are controlled by the substituted contract.

5. *Same; Forfeiture; Ownership.*—Where the mine lease provided for a forfeiture for failure to pay royalties and that after forfeiture all the lessees rights should terminate, a bill alleging such forfeiture and that the tram tracks, etc., on the land which thereby became the lessor's property had been destroyed by the respondent sufficiently alleged a cause of action for damages therefor.

6. *Same; Termination; Damages.*—Where the lease provided for the faithful and diligent prosecution of the work of mining and the bill alleged the forfeiture of the lease for a failure to pay royalties and to prosecute the mining with diligence, etc., the complainant was entitled to recover damages for such default as incidental to an accounting in equity and to afford complete relief.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Ignatius Pollak against the Stouts Mountain Coal and Coke Company, and others, to declare a lease forfeited and for an accounting and damages. Judgment sustaining a demurrer to a portion of the bill, and complainant appeals. Reversed and remnaded.

J. B. BROWN, for appellant. The extended lease imposed an obligation upon the coal company to prosecute the work of developing the coal as rapidly as business would justify, and to take out all the coal within three years, but if unable to abstract all the coal within that time to so conduct its business that the underground ways would be preserved.—White on Mines, 123. The bill sufficiently alleges the duties of the respondents under the contract, and a breach of these duties and obligations, and a consequent right to recover damages therefor.—White on Mines and Mining, secs. 12, 123, 127, 128 and 130; Barringer & Adams on Mines, secs. 100-117. The non payment of the royalties and rents

provided for in the lease worked a forfeiture of the lease, and the bill made a proper case for an accounting and recovery of damages for breach of contract, and for a discovery in aid of the suit.—*V. A. M. & F. Co. v. Hale*, 93 Ala. 543; *Nixon v. Clear Creek L. Co.*, 150 Ala. 602; *Terrell v. So. Ry.*, 164 Ala. 438; *Rosebrook v. Baker*, 151 Ala. 183; *Sloss-Sheffield Co. v. Maryland Cas. Co.*, 167 Ala. 560; *Gulf C. Co. v. Jones C. Co.*, 157 Ala. 41. The amendment to the bill so as to avoid the special plea was proper and in no way changed the nature of the bill or cause of action.—*Sharfenburg v. New Decatur*, 150 Ala. 651; *State, ex rel. Phillips v. Benners*, 172 Ala. 175. There was no incongruity between the averments of the bill and the terms of the lease.—*So. Ry. v. Hale*, 150 Ala. 216. The improvements made on the land belonged to the holder of the legal title of the real estate.—22 Cyc. 7; 44 N. J. E. 24; 128 Mass. 304. The proper way to rid a claim of non recoverable damages is not by demurrer, but by motion to strike.—*W. U. T. Co. v. Gathright*, 151 Ala. 415; *Daugherty's Case*, 75 Ala. 168. This is applicable to courts of equity.—6 Enc. P. & P. 369; *Bessemer S. Bank v. Rosenbaum*, 137 Ala. 520.

A. LATADY, for appellee. No brief reached the Reporter.

MAYFIELD, J.—Appellant, as lessor of a coal mine, filed this bill against appellee as lessee. The coal was to be mined by appellee, under a written lease made an exhibit to the bill, and the lessor was to receive a royalty of 6.5 cents per ton from the coal mined thereunder. The lessee was to keep an accurate account of the coal mined, and was to settle monthly for all coal mined during the preceding month. The lessee was also to have made, at least once a year, accurate surveys and

plats of the land so mined, showing the territory mined, and these books and maps and surveys were to be kept open for the inspection of the lessor. The lessee also agreed that it would, with all convenient speed, proceed to develop the coal on the premises leased, and to prosecute the removal of the same from the mine as rapidly as its business would justify; and that it would conduct its mining operations in a good, businesslike manner, with a view to extracting the largest tonnage from the premises and to the preservation and protection of the underground ways in the event it should not exhaust the coal deposit during the term of the lease. The bill alleges that the lessee entered upon the prformance of the lease, and mined large quantities of coal from the land leased, but that it had wholly failed to perform the covenants above mentioned, as paying for the coal mined, keeping books showing the quantity mined, making surveys, etc. The bill seeks an accounting as for the amount due the lessor under the lease, and incidentally the damages suffered in consequence of the lessee's breach of the covenants contained in the lease; and, to the end or in aid of the accounting, it seeks a discovery of the facts necessary to the proper prosecution of the suit. The respondent demurred to the original bill, and also filed thereto a special plea setting up a release by the complainant of all its claims for royalties, damages, or other relief prayed in the bill. The complainant thereupon amended his bill by adding the averment that the release set up in the plea related to other and different lands and leases, and not to the lands and the lease involved in this suit. To the amended bill the respondent demurred, interposing the same grounds of demurrer which were interposed to the original bill, and adding thereto other grounds. A hearing was had, by agreement, on the amended bill. The chancellor sustained ·

the demurrer to certain parts or paragraphs of the bill, but overruled it as to other parts and to the bill as a whole. The opinion and decree of the chancellor, on that hearing, so far as material to the issues involved on this appeal, was as follows: "The court is of the opinion, and so adjudges and decrees, that the demurrer to paragraph 4 of the original bill, making objections thereto upon the ground that the obligation resting on the respondent, the Stouts Mountain Coal & Coke Co., to keep open the entries referred to was only in the event the said coal company exercise an option to it given to terminate the said lease by notice in writing, and it appears that no such termination of said lease took place, is well taken. And also the demurrer to so much and such parts of the bill as seeks to hold the respondent coal company responsible for the tram track and irons laid in said mine on complainant's property is likewise well taken. And also that the demurrer to the bill, or such portions thereof as seek to hold the respondent coal company liable and responsible for the alleged failure to mine all the coal in the lands the bill describes is likewise well taken. All other demurrers to the original and amended bill are not well taken. It is therefore ordered, adjudged, and decreed that said demurrers of respondent be and the same is hereby sustained and the complainant allowed 30 days from the adjournment of this term of the court to amend the bill as he may be advised, and the cause is hereby continued." From this decree complainant prosecutes this appeal, assigning all appropriate errors.

It is axiomatic that on submission on demurrer the averments of the bill which are well pleaded must be taken as true; and no doubt the chancellor so treated the averments of the bill in this case. But we are inclined to the opinion that the chancellor erred in sus-

taining the demurrer to the paragraphs and parts of the bill shown by his decree and opinion. If the demurrer had been sustained to the bill generally, without specifying any grounds, or to any particular paragraph, and any one of the grounds assigned was good or well taken, we would refer the decree to that ground in order to sustain the ruling of the court; or, if the decree was correct, but a *wrong reason* assigned for the ruling, we would still sustain the decree.

In this case, however, the decree overrules the demurrer in so far as it goes to the bill as a whole, but sustains it in so far as it goes to certain parts of the bill. There being no cross-assignments of error we cannot, on this appeal, review the ruling of the court, in so far as he overruled the demurrer, but only to the extent to which he sustained it, which was, as before stated, where the demurrer goes only to certain specified parts of the bill.

We think the court fell into error in treating the contract of 1905, as shown by Exhibit A to the bill, as being still in force. This contract, as shown by the averments of the bill, was annulled, in so far as it was a lease contract, by the making of a new lease of the same premises, which new or substituted lease of 1907 is shown as Exhibit B to the bill.

The bill does not seek to enforce the contract of 1905, but that of 1907. The contract of 1905 constitutes no impediment to the enforcement of that of 1907, for the reason that the bill alleges, and the exhibits of the contracts show on their face, that the latter was made a substitute for the former in so far as it was intended to operate as a lease. And there is no attempt in the bill to hold the respondent liable for coal taken from the mine, or for any damage or injury occurring thereto, prior to the making of the lease contract of 1907. It is true that

the contract of 1905 did not release the respondent from all liability for coal taken from the mine, nor from liability as for other damages accruing, prior to the time of the making of the first lease contract; and of course the lessee's liability from the time of making the first contract, up to the time of making the second, was fixed by or should be controlled by, the first contract; but after that its liability was controlled by the substitued contract of 1907—the contract of lease under which this bill is filed. And there is no attempt in the bill to recover damages or compensation for injuries to the mine, or for coal taken from the mine, prior to the time of making the second contract.

Under the second contract the lessee had no option, as it had under the first, to operate the mine *or not* as it saw fit, but in this last lease (that here sought to be enforced or made the basis of the accounting prayed) the lessee agreed absolutely to prosecute the work of mining with due diligence, and thereunder it had no stated option to terminate the contract upon giving 60 days' notice, as it had under the first lease.

The court was likewise in error in sustaining demurrers to those parts of the bill which sought to recover certain damages which the court held not recoverable. If such damages were not recoverable we would not be willing to reverse the chancellor for sustaining the demurrer which was directed against that part of the bill only. In fact, under our chancery practice, the effect of sustaining the demurrer, in such case, is to strike out that part of the bill only which is objectionable, and to allow the complainant to proceed with his bill as to its other features. The effect is the same as if the respondent had moved to strike that part of the bill and the court had granted the motion. The rule of practice in this respect is different in courts of law.

There is no such thing in the practice of law courts as a demurrer to *a part* of a count; it must go to the count as a whole. The demurrer may go to a part of the complaint or declaration when it is made up of several counts; but that is because each count, for that purpose, is treated as a separate and distinct cause of action. In equity, however, the practice is well recognized of demurring to a part of the bill only; and, if the demurrer is sustained, the effect is the same as if that part was stricken on motion.

The chancellor, however, as before stated, fell into error in this case in supposing that the first lease contract —that of 1905—was still of force, and controlled as to the damages recoverable.

The second contract—the one under which the bill is filed—expressly provides that the failure of the lessee to pay the royalties shall work a forfeiture of the lease, and that after such a forfeiture all of the lessee's rights shall cease and terminate. The bill alleges such forfeiture, and that the tram tracks, etc., thereby became the property of the lessor, and, if thereafter destroyed, the complainant in this suit would be entitled to damages therefor.

The lease under which the bill is filed, providing for the faithful and diligent prosecution of the work on the part of the lessee, and, the bill alleging a failure to so prosecute it, the complainant, of course, would be entitled to damages on account of such failure, and they would be recoverable in this suit, as incidental to the accounting and to afford complete relief. The bill having averred all these facts, they must, on this hearing, be considered as true, and, if so, the complainant would be entitled to relief in respect to each of these matters, which the chancellor, by sustaining the demurrer, has denied him.

[Lewis, et al. v. Alston, et al.]

For these reasons the decree of the chancellor must be reversed.

We do not mean to say or hold that the bill was not subject to demurrer. We are of course limited, on this hearing, to ·the grounds assigned, and to those sus· tained. The chancellor overruled the demurrer in so far as it went to the bill as a whole, and as to a number of grounds assigned; and as there are no cross-assignments of error, we cannot and do not review the rulings in so far as they were in appellant's favor.

Likewise, we do not mean to hold that the bill was de- murrable; we merely wish to make it clear that we have not undertaken to decide these questions because they are not before us, and may hereafter be.

It should also be noted that the sufficiency of this plea has not yet been tested as to either the original or the amended bill.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.