34 So.2d 139

### STEELE v. FREEMAN et al.

### 6 Div. 629.

Supreme Court of Alabama.

Jan. 22, 1948.

Rehearing Denied March 11, 1948.

McEniry, McEniry & McEniry, of Bessemer, for appellant.

Kilpatrick & Entrekin, of Cullman, for appellees.

SIMPSON, Justice.

This is an appeal by the plaintiff, cross-defendant, from a decree overruling his specific grounds of demurrer to a certain aspect or part of the cross bill.

Upon consideration of the cause in consultation, the members of the court were dissident to the view entertained by Mr. Justice BROWN, to whom the case was assigned, and are of the opinion that the decree of the lower court should be affirmed, rather than that the appeal should be dismissed, as expressed in the dissenting opinion.

The answer, by way of cross bill of the defendants, sought to set forth the matters on which the defendants relied for their claim of title to the lands by way of defense to the claim of the plaintiff. This was in accordance with the requirements of the statute, Code 1940, Title 7, § 1111, and was defensive of the case made by the original bill (Bell v. McLaughlin, 183 Ala. 548, 62 So. 798) as well as seeking affirmative relief. The equity of the cross bill, seeking relief, was that the parties be adjudged to be joint owners and tenants in common of the lands involved and that they be sold for division of proceeds among them.

Stripped of prolixity, the claim of title of defendants sought to be set up in the answer and cross bill, in denial of the plaintiff's claim, was in substance (1) fraud in the procurement of the deed from Mrs. Freeman (the basis of the plaintiff's claim of title), of which the plaintiff and his title predecessor had knowledge or notice, thereby settling the validity of defendants' title to the lands—which averments the court ruled inadequate as an allegation of fraud and therefore sustained the grounds spe-

338

cially assigned thereto in the demurrer—and (2) knowledge or notice of plaintiff and his prior titleholders of the true condition of the title to the property: viz., of the fact that said plaintiff and his predecessors in title only owned an undivided one-seventh interest in the property as tenant in common with the defendants.

■ The effect of sustaining the several grounds of demurrer specially directed to a certain part of a bill is to strike out that part, whereupon the plaintiff may amend to cure it or eliminate it or, if the bill still has equity, proceed without amendment on the remaining allegations. Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Abrams v. Abrams, 225 Ala. 622, 144 So. 828; Bates v. Baumhauer, 239 Ala. 255, 194 So. 520; Pollak v. Stouts Mt. C. & C. Co., 184 Ala. 331, 63 So. 531; 30 C.J.S., Equity, § 292b.

■ That is the status of the pleading in this case. The court sustained the specific grounds of demurrer assigned to the fraud aspect (1) of the cross bill and overruled the grounds leveled at the other aspect. The decree is therefore reviewable in so far as the appeal seeks to challenge the action of the trial court in overruling the grounds of demurrer specially attacking this other aspect (2) of said cross bill.

See also South & North Ala. R. Co. v. Highland Ave. & Belt R. Co., 104 Ala. 233, 16 So. 112, as modified in McDonald v. McDonald, 114 Ala. 630, 21 So. 534.

■ The principle of the cases noted in the dissenting opinion is, of course, well understood and has not been here departed from. They are just regarded as inapposite to the pleading under consideration.

■ On the merits of the appeal it is the court's view that the several grounds of demurrer attacking this latter mentioned phase of the answer and cross bill were properly overruled. The averments under this aspect were simply defensive of the case made by the original bill and set forth the defendants' claim of title to the property, employing such pleading as would introduce facts in aid of a complete determination of the matter presented for litigation by the original bill. Bell v. McLaughlin, supra.

■ Extensive argument is made that the grounds of demurrer specially attacking the bill on the ground of laches should be sustained. Other reasons aside, the argument is untenable, since the defect is not apparent from the averments and demurrer cannot take the point unless it affirmatively appears from the face of the bill that laches has precluded a recovery. Wragg v. City of Montgomery, 245 Ala. 362, 17 So.2d 173; Pittman v. Pittman, 247 Ala. 458(6); 25 So. 2d 26.

The decree is affirmed.

Affirmed.

All the Justices concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

This appeal is prosecuted by the complainant from a decree of the court in his favor sustaining his demurrer to the cross bill filed by the respondents. Under the uniform rulings of this court, such decree will not support an appeal by the demurrant. Watson v. Jones Bros., 121 Ala. 579, 25 So. 720. This case has been followed in numerous cases, among others, Esslinger v. Herring, 147 Ala. 198, 40 So. 142; Howell v. Howell et al., 171 Ala. 502, 54 So. 601; Pope v. Ledbetter, 216 Ala. 302, 113 So. 20; McDonald v. Pearson, 114 Ala. 630, 21 So. 534; Tatum v. Tatum, 111 Ala. 209, 20 So. 341. The correct practice in such circumstances is pointed out in Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192.

In Sandlin et al. v. Anders, 210 Ala. 396, 98 So. 299, cited to support the majority opinion in this case, the bill was filed by Sandlin against Anders and sought a sale of the property for division among the tenants in common. Anders demurred to the bill. The court sustained the general demurrer attacking the bill for want of equity and it was from that decree that the appeal was prosecuted.

In Abrams v. Abrams, 225 Ala. 622, 144 So. 828, the bill was filed by the appellant in that case to cancel a conveyance on the ground of undue influence. The court dismissed the bill and it was from that decree the complainant appealed.

In Bates v. Baumhauer, 239 Ala. 255, 194 So. 520, the bill was filed by Baumhauer against Bates and others. The defendants

demurred to the bill and from decree overruling the demurrer, they appealed.

In Pollak v. Stouts Mt. Coal & Coke Co., 184 Ala. 331, 63 So. 531, the appeal was by the complainant from a decree sustaining a demurrer to his bill and the court held, "Where the appeal is taken from an order sustaining a demurrer only so far as it attacks certain parts of the bill, and there are no cross assignments of error, the appellate court can review the ruling only to the extent the demurrer has been sustained.

"A demurrer to a part of the bill is equivalent to the motion to strike out the part thus objected to, and the sustaining of the demurrer has the same effect as the sustaining of a motion to strike the objectionable portion." There is certainly nothing in that case that authorizes a party to appeal from a decree in his favor.

The writer knows of no decision by this court that sustains the holding of the majority in this case and after diligent search has found none. The holding of the majority is a clear abandonment of the theory in pleading that a demurrer is a single entity and the sustaining of one or more grounds is a sustaining of the demurrer. According to the theory of the majority opinion, each ground assigned is a demurrer and, to illustrate, if 20 grounds are assigned and 19 are good, and the 20th ground is bad, nevertheless if that one ground is overruled, the demurrant may appeal and have this court review the ruling on this single ground.

In Bell v. McLaughlin, 183 Ala. 548, 62 So. 798, the appeal was from a final decree entered on submission of the cause on pleadings and proof and the point involved was whether or not dismissal of the original bill carried with it the cross bill. The ruling here was to the contrary, as in that case the cross bill had independent equity.

Moreover, if the cross bill in this case be treated as a mere answer, the demurrer would not lie to it, nor does the statute authorize an appeal from a decree sustaining or overruling a demurrer to an answer. In the instant case the cross bill clearly contains equity to establish the relation of the respondents as tenants in common with the complainant, and have the land sold for division among the joint owners. The warranty deed made by Mrs. M. A. D. Freeman to her son J. H. Freeman was not void on its face and constituted a cloud on the title. The cross bill had but a single aspect, as above stated, and the allegations of fraud while illy pleaded were clearly sufficient to warrant an amendment alleging that the execution of the said deed was procured by undue influence and was pertinent to the relief which the cross bill seeks and it was not subject to be stricken on motion. Bates v. Baumhauer, 239 Ala. 255, 194 So. 520.

For the foregoing reasons, I respectfully dissent from the conclusion and holding of the majority. I am of the opinion that the appeal should be dismissed. Watson v. Jones Bros., 121 Ala. 579, 25 So. 720.