59 So.2d 569

### McCARY v. DAVIS et al.

### 6 Div. 326.

Supreme Court of Alabama.

April 3, 1952.

Rehearing Denied June 26, 1952.

Hugh A. Locke, Reid B. Barnes and Winton G. Wilson, all of Birmingham, for appellant.

Beddow & Jones, Roderick Beddow, and G. Ernest Jones, Jr., Birmingham, for appellees.

LAWSON, Justice.

Nell McCary filed her verified bill in the circuit court of Jefferson County, in equity, on February 24, 1951. She made respondents to the bill her husband, William N. McCary; Sally W. Davis; Highland General Hospital, Inc.; Highland Nursing Home; Mrs. S. W. Davis Nursing Home; J. L. Davis, Inc.; Nabers Land Company, Inc.; and Jerre L. Davis, a minor.

We will state the case made by the bill according to our understanding of the bill.

The complainant, Nell McCary, and the respondent William N. McCary were married on November 26, 1919. They lived together in Birmingham until some time in 1946. They were legally separated in April, 1948. During the time they lived together as man and wife Nell McCary turned over to the respondent William N. McCary the sum of $1,900, which he used for his own benefit and which sum he has not repaid.

On June 9, 1950, Nell McCary obtained a decree against her husband, the respondent William N. McCary, in the circuit court of Jefferson County, in equity. The bill does not clearly show the nature of the decree and it is not made an exhibit. Thereafter, on July 10, 1950, in the same cause, a decree was entered against William N. McCary in favor of Nell McCary "in the amount of Three Hundred ($300.00) to be paid within twenty-two (22) days from the date of such decree, and alimony pendente lite in the amount of One Hundred Fifty ($150.00) per month, plus an additional sum of Five Hundred ($500.00) Dollars as solicitor fee pendente lite." It is averred that William N. McCary has made no payment required by that decree and that "the entire amount thereof" is due, with interest.

In 1949 the respondent William N. McCary owned all of the stock in the respondent Nabers Land Company except two shares. Nabers Land Company has large holdings of land and for a number of years has been engaged in selling lots to colored people, and it is complainant's belief that the said company collects not less than one thousand dollars a month from the sale of lots or rentals. Nabers Land Company has sold other property for which it has received a considerable sum of money. The bank account of Nabers Land Company has been inactive since the decree of July 10, 1950.

The respondent William N. McCary owns interests in certain rental property, but the amount which he receives from the rental of this property is unknown to complainant. In 1947, the said McCary and his co-owner sold a piece of property in Birmingham, from which sale McCary received the sum of $5,000.

In so far as complainant can ascertain, McCary has no funds of any appreciable amount on deposit with any bank in Birmingham or in any other bank except in a

joint account in a bank in New Orleans, Louisiana.

The respondent Sally W. Davis operates a nursing home at 1612–11th Avenue, South, Birmingham, under the names of Highland General Hospital, Highland Nursing Home and S. W. Davis Nursing Home.

Respondent William N. McCary is and has been for a number of years an alcoholic and drug addict, according to the averments of the bill. In the latter part of 1944 or the first part of 1945 he entered the nursing home operated by Sally W. Davis for treatment.

From some time in 1945 until the filing of the bill, according to the averments of the bill, the respondents William N. McCary and Sally W. Davis have lived together as man and wife. A considerable part of their life together has been spent in the nursing home of the said Sally W. Davis, where McCary has remained ostensibly as a patient.

The bill further avers, in substance, that the respondent William N. McCary, due to the continued use of alcohol and narcotics, is mentally unfit to handle business affairs; that he is under the domination and control of the respondent Sally W. Davis, who is fraudulently and intentionally taking advantage of McCary's condition and is taking from him by gift, loan or subterfuge, his property and estate and McCary is in danger of becoming reduced to poverty and want; that such conduct on the part of the respondent Sally W. Davis is a fraud upon the complainant as the wife of the respondent William N. McCary and as his judgment creditor.

Respondent McCary has made the respondent Sally W. Davis vice-president of the Nabers Land Company and she is conducting its affairs and is using its income for her use and not depositing such income in the bank account of Nabers Land Company. The respondent, Sally W. Davis, prior to January, 1949, made the respondent McCary the president of Highland Nursing Home, which she owned.

The respondents McCary and Davis have a joint bank account in Whitney National Bank of New Orleans, Louisiana, in the name of W. N. and Sally W. McCary. As to this account the bill avers: "There was in this account on January 15, 1951, a balance of Six Thousand Three Hundred Seventy-Seven & 21/100 ($6,377.21) Dollars. There is in said account as of February 13, 1951, the amount of One Thousand Eight and 32/100 ($1,008.32) Dollars. Of the Five Thousand Three Hundred Sixty-Eight and 89/100 Dollars withdrawn, between January 15, 1951, and February 13, 1951, Three Thousand Five Hundred Seventy-Three ($3,573.00) Dollars went directly to Sally W. Davis, or to the benefit of the Highland General Hospital, Inc., owned and controlled by her. The balance of such withdrawal apparently went to the operation of the Nabers Land Company, whose current income the respondent Sally W. Davis is systematically collecting and appropriating to her own use or to the use of her respondent institutions."

According to the averments of the bill, the respondents McCary and Davis have other bank accounts in which funds of respondents William N. McCary, Sally W. Davis, Nabers Land Company, Highland General Hospital, and the other enterprises of Sally W. Davis are commingled.

The bill contains a list of the real estate holdings of the respondent Sally W. Davis and avers that money belonging to William N. McCary and the Nabers Land Company has been used by the respondent Sally W. Davis in the purchase of some of the property and in paying on the mortgage indebtedness on other property.

The bill also contains averments to the effect that large sums of money of William N. McCary have been deposited in Birmingham banks to the credit of the accounts of Sally W. Davis. It is further alleged that the respondent McCary has a legal and equitable interest in the enterprises of Sally W. Davis. Complainant offers to do equity.

The prayer of the bill is as follows:

"Premises Considered, complainant prays that Sally W. Davis, William N. McCary, Highland General Hospital, Inc., Highland Nursing Home, Mrs. S. W. Davis Nursing Home, J. L. Davis

Company, Inc., and Nabers Land Company, their agents, servants or employees, [be enjoined] from collecting any funds due or to become due during the pendency of this cause of any amounts due to the Nabers Land Company or William N. McCary. That respondent Sally W. Davis and William N. McCary be enjoined from drawing any funds from the Whitney National Bank of New Orleans, Louisiana; that Sally W. Davis and the Highland General Hospital, Inc., their officers, agents, servants or employees, be enjoined from drawing any funds from the Exchange Bank of Birmingham, Alabama.

"Complainant further prays that a receiver be appointed for the Nabers Land Company and for William N. McCary and that such receiver be authorized and empowered to collect all funds due to either of them and to operate and handle the affairs of the said Nabers Land Company and to manage the affairs of the said William N. McCary under such terms and conditions and with such powers as may seem fit to this Honorable Court.

"Complainant further prays that an accounting be had between complainant and William N. McCary, and that an accounting be held between William N. McCary and Sally W. Davis, Nabers Land Company, Highland General Hospital, Inc., Highland Nursing Home, Mrs. S. W. Davis Nursing Home, J. L. Davis Company, Inc., and Jerre L. Davis, and for the payment of any judgments that may be rendered.

"Complainant further prays that upon a final hearing hereof that the temporary injunction herein sought be made permanent.

"Complainant further prays separately and severally for a judgment against each and every respondent and a lien against each and every separate and several piece of property of each and every respondent hereof, for the enforcement of such judgment.

"Complainant prays separately and severally for a judgment and lien against each and every separate and several item of property of Sally W. Davis.

"Complainant further prays for a judgment against William N. McCary for all amounts ascertained due to complainant and for a lien against all property, real or personal, held by him for the enforcement of such judgment.

"Complainant prays for such other, further, different or general relief as may be meet and proper in the premises."

Upon the filing of the bill the following order was entered:

"2/24/51 application for Receiver granted on Complainant's Executing bond in the sum of $2000.00 and Receiver's bond is hereby fixed at $25,000. Let injunction issue as prayed upon Complainant executing bond in the sum of $2000.00. All above bonds to be conditioned as provided by law and to be approved by the Register of this Court.

E. M. Creel
Circuit Judge"

Upon complainant executing the required bond of $2,000 a writ of injunction was issued on February 24, 1951, in pertinent part as follows:

"These, Therefore, are to command and Strictly Enjoin you, the said Sally W. Davis, William N. McCrary, Highlands General Hospital, Inc., and Nabers Land Company, your agents, servants or employees, from collecting any funds due to the Nabers Land Company or William N. McCrary; and to enjoin you, the said Sally W. Davis and William N. McCrary from drawing any funds from the Whitney National Bank of New Orleans, Louisiana; and to enjoin you, the said Sally W. Davis and the Highland General Hospital, Inc., Your Officers, Agents, Servants, or Employees, from Drawing Any Funds from the Exchange Bank of Birmingham, Alabama, until further orders from this Court; etc."

On February 28, 1951, Judge Creel entered a decree appointing C. E. Brooks as

receiver of all the property and other assets of every kind and character of William N. McCary and of the Nabers Land Company, Inc., such appointment to be effective upon the filing and approval of a bond in the sum of $25,000. This decree conferred upon the receiver very extensive powers in regard to the conduct of the business affairs of William N. McCary and the Nabers Land Company, Inc. Brooks, the receiver, executed the required bond on February 28, 1951.

On March 23, 1951, pleas in abatement were filed by Sally W. Davis, as an individual trading and doing business in her own proper name and as an individual trading and doing business under the firm name and style of Highland Nursing Home, and as an individual trading and doing business under the firm name and style of Mrs. S. W. Davis Nursing Home, and as an individual trading and doing business under the firm name and style of J. L. Davis, Inc. On the same day the respondent Sally W. Davis appeared solely for the purpose of filing pleas in abatement in behalf of the purported respondent in the cause designated in the bill of complaint as Highland General Hospital, Inc. The fifth plea in abatement was as follows: "This respondent says that there is no corporation in existence having the corporate name of Highland General Hospital, Inc. and that no such corporation by that name exists and files this its plea of *nul tiel corporation* in abatement of this suit in so far as this suit purports to be a suit against Highland General Hospital, Inc., a corporation."

Likewise, on March 23, 1951, the respondent, Nabers Land Company, Inc., and the respondent William N. McCary filed pleas in abatement.

On June 5, 1951, a decree was entered holding all the pleas in abatement to be legally insufficient except the fifth plea in abatement of Sally W. Davis on behalf of Highland General Hospital, Inc., a corporation, which separate plea in abatement was declared to be legally sufficient.

In June, 1951, all the respondents filed a motion to dissolve and discharge the injunction issued on February 24, 1951.

On June 6, 1951, the respondents Sally W. Davis, William N. McCary, Highland General Hospital, Inc., Highland Nursing Home, Mrs. S. W. Davis Nursing Home, J. L. Davis, Inc., and Nabers Land Company, Inc., separately and severally demurred to the bill of complaint. The demurrer is addressed to the bill as a whole and to what is termed its several aspects. Without waiving the demurrer, the same respondents filed an answer to the bill of complaint. The date of the filing of the answer does not appear in the record.

On June 8, 1951, the Nabers Land Company, Inc., filed its motion to vacate the order appointing the receiver and to discharge the receiver.

On August 28, 1951, three separate decrees were rendered by the trial court. In one the motion of the respondent Nabers Land Company, Inc., to vacate the order appointing a receiver was overruled. In another the motion of all the respondents to dissolve and to discharge the temporary injunction was overruled.

The other decree rendered on August 28, 1951, reads as follows:

"*Decree of Demurrer and Decree of Severance*

"This Cause coming on to be heard is submitted for decree on the demurrer of the Respondents, Sally W. Davis, William N. McCary, Highland General Hospital, Inc., Highland Nursing Home, Mrs. S. W. Davis Nursing Home, J. L. Davis Company, Inc., and Nabers Land Company, Inc., separately and severally, and upon consideration thereof the Court is of the opinion that the Bill of Complaint contains equity in one aspect under the general prayer for relief as a bill for the appointment of a trustee, under the provisions of Chapter 29 of Title 7 of the Code of Alabama of 1940, for Respondent, William N. McCary, and to include the assets of Nabers Land Company, Inc., a corporation, it being alleged in the Bill of Complaint that the said Respondent, William N. McCary, is the sole owner of the capital stock of said corporation, and that the demurrer to the Bill of Complaint should be over-

ruled reserving to the Respondents, separately and severally, the right to raise the objections presented on the demurrer to the other aspects of the Bill of Complaint at the final hearing, and the Court is further of the opinion that the aspect seeking the appointment of a trustee, as aforesaid, should be severed for trial as to that aspect; it is, therefore,

"Ordered, Adjudged and Decreed by the Court that the demurrer of the Respondents, Sally W. Davis, William N. McCary, Highland General Hospital, Inc., Highland Nursing Home, Mrs. S. W. Davis Nursing Home, J. L. Davis Company, Inc., and Nabers Land Company, Inc., separately and severally, be and the same is hereby overruled, separately and severally, reserving to the Respondents, separately and severally, the right to raise the objections presented by their demurrer, separately and severally, to the several aspects of the Bill of Complaint on the final hearing of this cause.

"It Is, Further Ordered, Adjudged and Decreed by the Court that that aspect of the Bill of Complaint seeking the appointment of a trustee for William N. McCary, and including the assets of Nabers Land Company, Inc., a corporation, under the prayer for general relief, as provided by Chapter 29 of Title 7 of the Code of Alabama of 1940, be and the same is hereby severed for trial, and on motion of the said Respondent, William N. McCary, this cause is set for oral hearing on said aspect for Tuesday, September 4, 1951, at 9:30 a. m.

"Done and Ordered this, the 28th day of August, 1951."

From the "decree of demurrer and decree of severance" set out above the complainant, Nell McCary, gave security for costs of appeal to this court. The cause was submitted here on the merits, on appellee's motion to dismiss the appeal, and on appellant's motion for alternative writ of mandamus.

We think the motion to dismiss is well taken. The decree is interlocutory. Appeals from certain interlocutory decrees are authorized by § 755, Title 7, Code 1940, which section reads in pertinent part: "From any decree rendered by the circuit court in equity cases, sustaining or overruling a demurrer to a bill in equity, or to a cross bill, an appeal lies from such decree, to be taken within thirty days from the rendition thereof, to the supreme court. * * *" But this section does not authorize the prevailing party to appeal from a decree on demurrer. Watson v. Jones Bros., 121 Ala. 579, 25 So. 720; Howell v. Howell, 171 Ala. 502, 54 So. 601; Kinney v. J. S. Reeves & Co., 139 Ala. 386, 36 So. 22; Terry v. Allen Bros., 132 Ala. 657, 32 So. 664; Coleman v. Butt, 130 Ala. 266, 30 So. 364; Cottingham v. Greely Barnham Grocery Co., 123 Ala. 479, 26 So. 514; Esslinger v. Herrin, 147 Ala. 198, 40 So. 142. Cf. Steele v. Freeman, 250 Ala. 336, 34 So.2d 139. The decree here involved is unusual, but it certainly does not sustain the demurrer of the respondent to the bill as a whole or to any of its aspects. The demurrer to the bill and to all of its aspects stands overruled as of the date of the decree. The fact that the decree reserves to the demurrants the right to insist upon the demurrer as to the aspects of the bill other than that set down for hearing is not equivalent to a decree sustaining the demurrer to those aspects not set down for hearing. As we view the decree, it is in appellant's favor. She cannot have it reviewed by appeal. The appeal will be dismissed.

Appellant-petitioner, by motion for alternative writ of mandamus, prays that this court "will issue a writ of mandamus to compel the annulling and setting aside of said decree and the setting aside of that portion thereof which has set said cause for said final hearing." Equity Rule 15, Code 1940, Tit. 7, Appendix, is as follows:

"A bill is not necessarily multifarious when it seeks alternative or inconsistent relief growing out of the same subject matter, or founded on the same

contract or transaction, or relating to the same property between the same parties.

"The court has the power, either on demurrer for multifariousness or on motion or of its own motion up to final decree, to order a severance of combined causes of action; and when so separated the causes may continue with or without retaking or taking further testimony, or decrees pro confesso, as the court shall direct in its reasonable discretion."

The first paragraph of Equity Rule 15 is very similar to the provisions of § 6526, Code of 1923, except that it does not contain the provison to the effect that objection to a bill because of multifariousness must not be entertained unless taken by demurrer.

The second paragraph of Equity Rule 15 is new to the equity rules which became effective on January 1, 1940. In so far as our research discloses, we have not been called upon to construe the last paragraph of said Equity Rule 15. In the drafting of the new equity rules, the legislature authorized this court to appoint an advisory committee to assist in the drafting of these rules. A committee composed of Honorable Henry Upson Sims, of Birmingham, Honorable John V. Denson, of Opelika, and Honorable Hugh A. Locke, of Birmingham, was appointed by this court.

In January of 1940 there was published in the Alabama Lawyer, Vol. 1, No. 1, pp. 13–21, an article by Honorable Henry Upson Sims, who was chairman of the advisory committee, entitled "The New Alabama Equity Rules." In that article it was said of Equity Rule 15; "The Court has power to order a multifarious bill severed, as the federal courts can do, without taking more testimony on account of the severance; and without starting a new suit on the severed claims."

In the same issue of the Alabama Lawyer is an article by the Honorable E. M. Creel, Judge of the Tenth Judicial Circuit, entitled "Comment on the New Equity Rules," pp. 22–39. In regard to Equity Rule 15, Judge Creel observed: "If a bill is multi-farious the court now may of its own motion, or on motion of a party, sever the causes of action and direct the course of subsequent procedure. Under the old system, if a bill was multifarious, the court could do no more than sustain a demurrer and the plaintiff was left to elect which of two or more causes of action he would pursue."

It seems that the action taken by the trial court in setting down for hearing what is termed that aspect of the bill seeking the appointment of a trustee under Chapter 29, Title 7, Code 1940, was well within the power conferred by Equity Rule 15 if the bill is multifarious.

▆ Counsel for the appellant-petitioner in his original brief took the position that the bill filed by appellant-petitioner contained several aspects. However, in reply brief counsel has taken the position that the bill contains only one aspect. We cannot agree that the bill contains only one aspect. However, a bill is not necessarily multifarious because it contains more than one aspect. While we admit that we have had considerable difficulty in analyzing the bill filed by appellant-petitioner, we are of the opinion that it can be said to be multifarious. In so far as the bill seeks the appointment of a trustee under the provisions of Chapter 29, Title 7, Code 1940, it is not an adversary proceeding. Such a trustee is appointed solely for the protection of the inebriate and not for the protection of the person who is authorized to seek the appointment of the trustee. But in so far as the bill seeks an injunction and the other relief prayed for in the bill, the interest of the complainant is adverse to that of the respondents.

▆ We are cognizant of the fact that in the decree of the trial court no reference is made to Equity Rule 15. We are also cognizant of the fact that the decree contains no specific reference to the fact that the bill is multifarious, and we have also observed that there were a number of grounds of demurrer going to the bill as a whole taking the point that the bill is multifarious and yet the decree overrules the demurrer.

However, we do not think the power given to the court by Equity Rule 15 to act on its own motion is limited to cases where a bill is multifarious and where there is no ground of demurrer taking that point.

This case has proven difficult of solution. But we feel that in view of the nature of the bill filed by appellant-petitioner the action of the trial court is well within its power and a mandate from this court should not issue requiring the trial court to set aside its decree.

Appeal dismissed and mandamus denied.

FOSTER, SIMPSON, and STAKELY, JJ., concur.