34 So.2d 145

### GOSSETT v. PRATT.

#### 7 Div. 886.

Supreme Court of Alabama.

Oct. 30, 1947.

Rehearing Denied Feb. 28, 1948.

Chas. F. Douglass, of Anniston, for appellant.

Chas. W. Anderson, of Atlanta, Ga., for appellee.

BROWN, Justice.

This is an action of forcible entry and unlawful detainer by appellee against appellant, commenced before George W. Fagin, a Notary Public and Ex officio Justice of the Peace, on March 16, 1946. The trial before the justice of the peace resulted in a judgment for plaintiff from which the defendant prosecuted an appeal to the Circuit Court, where a trial de novo was had on the 17th day of June, 1946, also resulting in a judgment in favor of the plaintiff.

The judgment entry from which this appeal is prosecuted recites:

"Came the parties by attorneys and by consent of the parties, it is ordered and adjudged by the Court that the Plaintiff have and recover of the defendant, the property sued for, to-wit: (describing the property.)"

■ The consent of the appellant, evidenced by the recital in the face of the judgment, operated as a waiver of prior irregularities and constitutes a release of error. Gunter v. Hinson, 161 Ala. 536, 50 So. 86; Garrett v. Davis, 216 Ala. 74, 112 So. 342.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

■ The object and purpose of an application for rehearing is to invite review by the court as to the correctness of the opinion and judgment of the court as presented on the record upon which the case is submitted. It is not the proper method of correcting errors or omissions of the officials of the trial court in the preparation and certification of the record for the appeal. Redd Chemical & Nitrate Co. v. W. T. Clay Mercantile Co. et al., 219 Ala. 478, 122 So. 652.

■ Where as here the case was submitted without any suggestion of error or diminution in the record, the court has no other alternative than to dispose of the case on the record as it stands. Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207; Prinz, Exec., v. Weber, 126 Ala. 146, 28 So. 10.

■ The contention of the appellant that the recital in the minute entry, towit: "Came the parties by attorneys and *by consent of the. parties,* it is ordered and adjudged by the Court that the Plaintiff have and recover of the defendant the property sued for, towit: (describing the property," [italics supplied] is a mere preamble and is self-correcting or should be treated by the court as surplusage, cannot be sustained. It is the solemn recital and adjudication by the court as the basis on which the judgment is rendered and is neither surplusage nor self-correcting. The application for rehearing is, therefore, overruled.

On Motion to Set Aside Judgment of Affirmance and Order of Submission and Grant Certiorari.

■ After submission and final disposition of the case on appeal, for the appellant to have such relief, he has the burden of showing that he exercised due diligence in the preparation and presentation of his appeal, and that his appeal is meritorious. It is the judgment here that the appellant has failed in both of these respects and that the motion to set aside and vacate the judgment and order of submission should be denied.

In his affidavit in support of his application and motion, the appellant states that he examined the transcript "in a way" or casually and that he did not discover that the minute entry of the trial court recited that the judgment was by consent. Moreover the appellant submitted his case on an abridged record which omitted some of the material pleadings in the case, anticipating, as he stated in brief, that he would be able to procure an agreement of the appellee to such abridgment. In respect to this he states in brief:

"Some of the amended counts, out on demurrer, are omitted from the record; improperly in the record are some proceedings connected with the omitted counts. In the transcript the pleadings upon which the case was tried are not in orderly ar-

rangement. There should be a correction so as to clearly present the issues upon which the case was tried in the Circuit Court, and this will be done in this brief in hopes of an agreement for correction to be made accordingly. When the case started, the complaint in the Justice Court went out on demurrer, the case being tried on amended count F. To that count defendant assigned demurrer previously assigned to the Justice Court count, and additional demurrer. The trial in the Circuit Court rested upon Count F, the demurrer, and pleas. Placed in proper order, this pleading is as follows: * * *."

No agreement for the abridgment of the record, so far as appears, was ever made.

Following the above statement appellant sets out what he terms the proper order of pleading beginning, as appears on the face of the record, with the first pleading filed in the circuit court on the day of the trial. Before this complaint was filed the only complaint on file was the complaint filed in the Justice of the Peace Court. The count of the complaint so set out contains the following recital: "The plaintiff, Robert Pratt, files this his amendment, by substituting the following as his original complaint, in lieu of the complaint in the Justice Court, his complaint, to read: Count numbered. (F)."

The record before us shows that the defendant demurred to this complaint and that the demurrer was sustained. After aiding Count D by amendment, to which demurrer was sustained, the record shows that the last amendment to the complaint was by adding to the complaint Count "F," the order of the court allowing this amendment being in the following words: "Came the parties by attorneys and by leave of the court the plaintiff hereby amends his complaint by adding Count F to said complaint." Defendant demurred to this count and the demurrer was overruled. Said count does not appear in this record.

The controversy between the parties seems to involve the location of the north boundary of plaintiff's tract which was described in some of the pleadings by metes and bounds. The trial was by the court without the intervention of a jury on testimony given ore tenus, and during the trial a diagram of the tract and its boundaries was drawn on a blackboard and such tract and the several tracts adjoining the plaintiff's alleged tract were numbered, A, B, C and D and during the course of the examination of the witnesses counsel for the parties referred to and questioned witnesses concerning these several tracts, and especially in respect to plaintiff's northern boundary. The testimony was in conflict touching the controversal line. There was ample evidence if believed by the trier of the facts to support an action for forceable entry and unlawful detainer. The diagram, which was used as demonstrative evidence to illustrate and define the metes and bounds of the tract in controversy is not reproduced in the record. We are not, therefore, in a position to review the conclusions of fact arrived at by the trial court. Central of Georgia R. Co. et al. v. Graham, 218 Ala. 624, 119 So. 654; Street v. Shadix, 197 Ala. 446, 73 So. 73; Childs v. Julian, 241 Ala. 249, 2 So.2d 453.

There are only four assignments of error to the effect that the court erred in rendering a judgment for appellee, in overruling motion to set aside the judgment and in failing to hold that the evidence sustained the defendant's plea of the statute of limitations of three years and in holding the complaint sufficient to authorize recovery.

The appeal is clearly without merit and the motion to set aside and vacate the judgment of submission and affirmance is due to be denied.

So ordered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.