71 So.2d 872

### AMERICAN LIFE INS. CO. et al.

v.

### POWELL et al.

### 6 Div. 640.

Supreme Court of Alabama.

April 15, 1954.

See also 259 Ala. 70, 65 So.2d 516.

Hugh A. Locke, Deramus, Hawkins, Fitts & Mullins and Lange, Simpson, Robinson & Somerville, Birmingham, and Noble J. Russell, Decatur, for appellants.

Wilkinson & Skinner, Birmingham, for appellees.

PER CURIAM.

This is a derivative suit by two stockholders (appellees) of American Life Insurance Company, a corporation, against the corporation and several individual defendants (appellants) seeking to recover money from certain of the individual defendants for the benefit of the corporation. Incidental to this overall purpose, the bill seeks other relief, such as receivership for certain defendants, a mandatory injunction and oral examination of other defendants as a discovery process.

The trial court entered an interlocutory decree making various rulings. Section 7 of the decree was a ruling on only one ground of the demurrer, that challenging the equity of the bill. It reads (with italics supplied) as follows:

"Seventh: The demurrer to the Bill, as Last Amended, on the ground that there is no equity in the bill is overruled. *The Court reserves its ruling on the other grounds of the demurrer until a later date.*"

This appeal is sought to be taken from this ruling pursuant to the provisions of § 755, Title 7, Code 1940.

The other portions of the interlocutory decree, such as the order for a hearing on the application for receivership, order for a hearing on mandatory injunction, and the order for an oral examination of several defendants, are attacked here by petitions

576

for prohibition and mandamus and are not a part of the record on this appeal. This appeal relates solely to the ruling quoted above. After considerable study and consultation, the court has concluded that it cannot consider the meritorious question argued. To do so would disregard well-known concepts of pleading and this we are reluctant to do even though it be somewhat burdensome to the litigants.

Some established principles will be mentioned to illustrate our view.

■ Section 755 of Title 7, Code, provides for an appeal from a decree in equity *sustaining or overruling a demurrer to a bill in equity*. The statute, however, does not authorize an appeal from an interlocutory order sustaining or overruling a ground or grounds of demurrer and reserving for future consideration rulings on the remaining grounds.

■ "The theory of a demurrer is that it is an entity. The grounds are but particular reasons why the demurrer should be sustained. * * * The grounds assigned in a demurrer are not separate demurrers * * *." "Patently a demurrer is due to be sustained *if any one* of its *grounds* or *causes* [is] well taken against the unit of pleading to which the demurrer is addressed." The contrary theory "would necessarily establish each *ground* or *cause* as a demurrer, thus revolutionizing the whole theory and nature of the demurrer * * *." Hammons v. Hammons, 228 Ala. 264, 153 So. 210, 211; Patten v. Swope, 204 Ala. 169, 85 So. 513; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 308, 62 So. 808, 811.

■ When a demurrer to a bill in equity is sustained on one ground, the effect of the decree is to sustain the whole demurrer and put the case out of court unless the bill is amended, and from such a decree the defendant cannot appeal. Watson v. Jones, 121 Ala. 579, 25 So. 720.

■ When a decree sustains some of the grounds of demurrer and overrules others, it is a decree sustaining the demurrer, which likewise does not permit an appeal

by the defendant. Esslinger v. Herrin, 147 Ala. 198, 40 So. 142; Howell v. Howell, 171 Ala. 502, 54 So. 601.

■ When a demurrer assigning various grounds is sustained without specifying the cause leading to that result, the decree will be referred to such grounds as will support it. McDonald v. Pearson, 114 Ala. 630, 21 So. 534.

■ And when the decree refers to certain grounds as good, and on appeal this court finds that those grounds thought by the trial court to be good are not good, but other grounds are good, the decree will not be reversed for assigning the wrong reason for the ruling. Tatum v. Tatum, 111 Ala. 209, 20 So. 341.

■ That principle does not conflict with one which approves as an appealable decree one which sustains certain grounds of the demurrer which are addressed to a certain aspect of the bill and overrules those addressed to other aspects. The effect is to strike out of the bill that aspect to which the demurrer was sustained unless it is reversed on appeal or amended. The respondent could appeal on account of the decree overruling his demurrer to the other aspects. Steele v. Freeman, 250 Ala. 336, 34 So.2d 139.

So much for general governing rules.

A reservation of rulings on certain grounds of demurrer in a decree was referred to in McCary v. Davis, 257 Ala. 456, 59 So.2d 569. In that case the decree overruled the demurrer in the one aspect of the bill holding it to contain equity and reserving to the respondent the right to raise objection to other aspects not ruled on on final hearing. The complainant sought to appeal, but the holding was that the appeal was not within the purview of § 755, supra, and was therefore dismissed. We commented then, however, on the unusual nature of such a decree.

It is manifest to us that the reservation in the decree appealed from misconceives the unified nature of a demurrer. The separate grounds of the demurrer do not justify·

separate decrees on various grounds and should it be permitted that the present appeal be pursued it would give sanction to a principle unknown under established rules of procedure, namely, separate appeals from separate rulings on separate grounds of demurrer.

■ If the decree here in question had stopped when it overruled the demurrer to the ground that there is no equity in the bill, it would have been appealable even though it had adjudged that the other grounds were not good. It would have been in essence a decree overruling the demurrer. But when it reserved rulings on the other grounds until a later date it created an inconsistency, preventing it from being presently a decree either overruling or sustaining the demurrer.

The appeal should therefore be dismissed and it must be so ordered.

Appeal dismissed.

All the Justices concur except CLAYTON, J., not sitting.