82 So.2d 398

Emmette L. **BARRAN** et al., d/b/a White Way Pure Milk Co.

v.

Jerry **RODEN.**

8 Div. 730.

Supreme Court of Alabama.

Sept. 15, 1955.

See also, post, p. 322, 82 So.2d 401.

Peach, Caddell & Shanks, Decatur, and Marion F. Lusk, Guntersville, for appellants.

Starnes & Starnes, Guntersville, and Beddow & Jones, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal taken by complainants from a decree in equity sustaining a demurrer to an alleged aspect of the bill, but overruling the demurrer to the bill as a whole and to the other aspects of it.

An appeal will lie under Sec. 755, Title 7, Code of 1940, by complainants to review a decree sustaining a demurrer to an aspect of a bill in equity. Steele v. Freeman, 250 Ala. 336, 34 So.2d 139; American Life Ins. Co. v. Powell, 260 Ala. 574, 71 So.2d 872. This is not in conflict with McCary v. Davis, 257 Ala. 456, 59 So.2d 569.

Appellee moved to dismiss the appeal because of certain proceedings had after the decree on the demurrer and before the appeal was taken. Those proceedings were had on July 8, 1953, the day on which said decree was rendered. Appellee filed a full and complete answer to the bill which was not included in the transcript certified by the clerk, and, thereupon, on the same day, complainants proceeded to a hearing of said cause on testimony taken ore tenus and documentary evidence, and respondent offered evidence, all duly transcribed by the court reporter, when the cause was submitted, and upon said submission a decree was rendered. All of those proceedings are set out in the motion, but are not in the certified transcript. On that submission, the court merely made an order for a temporary injunction enjoining respondent with respect to the use of a certain storehouse, pending the further orders of the court, and denied temporary injunctive relief in other respects. No further proceedings are alleged to have occurred until August 6, 1953, when the appeal bond was approved. Thereupon, complainants filed an instrument entitled a "plea in Suspension," in which they prayed that further proceedings be suspended pending the decision of this court on said appeal. It is not alleged that the court made and entered an order on said prayer.

But nothing has been done in the cause since the appeal was taken so far as the motion shows. Appellee, therefore, expresses the opinion and belief that appellants waived their right to appeal from the decree on the demurrer, for that they should have appealed from such decree, if at all, "before proceeding further in said cause and waives his right to take such interlocutory appeal by proceeding further in the cause."

The theory on which that contention is made is in two aspects. One is where the appellant proceeds in the trial court *after the appeal is taken,* and the other is where he proceeds in that court after the decree and *before the appeal is taken.* But they both are controlled by the same reasoning. If further proceedings after the appeal would be an abandonment of the appeal, those same proceedings taken after the decree but before the appeal was

taken would be an abandonment of the right to take an appeal later. The rule is stated to be that after an appeal is taken, the lower court "may proceed in matters which are entirely collateral to that part of the case which is taken up (by the appeal) but it can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court." This is a limitation on the rule that after an appeal is taken the trial court cannot, pending that appeal, pass upon any matter involved on the appeal. Francis v. Scott, 260 Ala. 590, 72 So.2d 93; Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865, and cases cited in them.

As to those matters which are entirely collateral to the questions involved on appeal, the court and parties are free to proceed notwithstanding the appeal if taken, or without affecting the right to appeal if not then taken. 4 C.J.S., Appeal and Error, § 212(e), p. 401.

A temporary injunction operative to preserve a status pending an appeal is not unusual. Browning v. Wesco Co., 218 Ala. 544, 119 So. 660. An order is frequently made pending an appeal for the payment of temporary alimony in an exercise of discretion by the court. Ex parte Spafford, 199 Ala. 309, 74 So. 358.

■ Appellee's showing for a dismissal of the appeal is not sufficient to meet the requirements of the principle, and it is overruled.

### On the Merits

The assignments of error relate to a decree sustaining the demurrer to an alleged aspect of the bill. The demurrer was addressed to the bill as a whole, and separately to various alleged aspects of it. The bill, briefly speaking, was by a tenant who had leased from respondent, for a period of five years, a concrete block building situated on the south side of Mill Street in Boaz, and, who, for a like period, had leased from respondent two pak-ice machines, one located in a building at Attalla, and one located in the building on Mill Street at Boaz. Complainants had removed one pak-ice machine from Attalla to its new building at Boaz; and according to the allegations of the bill:

"Five: That on or about June 10, 1953 complainants were about to remove the other 'pak-ice' machine from the leased building on Mill Street to their new building in Boaz, when defendant invaded the leased premises and with threats of violence forbade complainants to remove said 'pak-ice' machine from said building, and declared his purpose to again invade the premises and resist with violence any effort by complainants to remove the leased machine to their own building in Boaz.

"Six: That on June 15, 1953 said defendant went to the leased premises and removed or displaced the locks on the entrance doors, and when complainants found the doors thus locked they removed the locks and continued to use the leased premises. On June 17 complainants again finding fresh locks on the doors again removed them and undertook to use the leased premises by setting in operation said 'pak-ice' machine, but found that defendant had so interfered with or changed the electric wiring in the building that complainant had no electricity with which to operate said 'pak-ice' machine in said leased building; that said machine manufactures ice flakes which complainants use for packing around containers of milk for transport in trucks; that since being thus excluded from and dispossessed of said building, complainants have been forced to buy crushed ice for their operations, and are not only being deprived of the use of the building but of the use of said leased machine. That on the same day, viz.: June 17, 1953 and within a few minutes after complainants had discovered what had been done at the leased premises, defendant telephoned complainants and reviled them for breaking the locks he had placed on said entrance doors, and with angry and violent words ordered and warned complainants to stay away from said leased premises.

"Nine: That complainants are not using or planning to use said leased building on Mill Street in the conduct of their business in the buying, cooling, handling and sale of milk, but they do urgently need the use of said 'pak-ice' machine in their new building, and without it their operations will be greatly curtailed or impeded; that they cannot efficiently or profitably conduct part of their operations in one building in Boaz, and part in another; that they cannot efficiently or profitably conduct their business without the use of both said 'pak-ice' machines; that complainants are suffering irreparable injury in the loss to them of the full use of their new building, and in the loss of the use of said pak-ice machine and in the excessive handling of milk; that defendant has left some of his other personal property in said leased building which he refuses to remove, and these complainants cannot sublease said building until the possession thereof is restored to them and until the removal therefrom of the 'pak-ice' machine and of defendant's other personal property."

The prayer contains the following:

(1) " * * * that pending the final hearing of this cause Your Honor will issue a temporary injunction forbidding and enjoining defendant during the term of said lease from going on said leased premises on Mill Street for the purpose of interfering in any way either by violence or threats of violence with the possession thereof by complainants or the removal therefrom by them of said 'pak-ice' machine, or" (2) "for any other purpose except the removal of his other personal property, and that Your Honor will also enjoin and require said defendant to remove his other personal property from said leased building, and that upon the final hearing of this cause Your Honor will decree that said injunctions be made final, and for general relief as well, complainants will ever pray."

The demurrer was sustained to the alleged aspect set out in the prayer above and marked (1) for identification.

■ The question on this appeal is not the sufficiency of the bill as a whole; so that presumptively we have a good bill free from demurrer as a whole, with what is claimed to be a prayer for unwarranted relief (coupled with an appropriate prayer for relief). The bill is not demurrable on that account. Endsley v. Darring, 249 Ala. 381(5), 31 So.2d 317; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Zimmern v. Williams, 190 Ala. 442, 67 So. 277; McDowell v. Herren, 219 Ala. 370(4), 122 So. 336. "If under the averments of the bill complainant is entitled to relief of the character prayed, the court under the general prayer will mold the relief to meet the equities as they appear." Wood v. Cantrell, 224 Ala. 294, 140 So. 345, 346; Zimmern v. Williams, supra. We think that legal status obtains here. The demurrer should have been overruled. It relates only to an alternative feature of the prayer. For the purposes of this demurrer, we assume that there are sufficient allegations to entitle complainants to relief of the character otherwise specially prayed for. Therefore, the court will mold the relief under the general prayer to meet the equities developed on the trial. While the trial court should have overruled the demurrer to that feature of the prayer referred to, it was not prejudicial to sustain it. The complainant could obtain such relief on his general prayer if he shows an equitable right to it. Error must be prejudicial to be reversible. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

It follows that the decree should not be reversed, but should be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur in the result.