274 So.2d 51

John Henry ECHOLS et al., etc.,

v.

STAR LOAN COMPANY, et al.

John Henry ECHOLS et al., etc.

v.

O. K. DISCOUNT COMPANY, a corporation, et al.

SC 28, 29.

Supreme Court of Alabama.

Jan. 11, 1973.

Dissenting Opinion March 8, 1973.

Rehearing Denied March 8, 1973.

Frank M. Bainbridge, Harry B. Cohen, Birmingham, for appellants.

Sirote, Permutt, Friend & Friedman and William G. West, Jr., Birmingham, for appellees.

McCALL, Justice.

This appeal is taken from the final decrees of the lower court as provided for by Tit. 7, § 754, Code of Alabama, Recompiled 1958. The assignments of error on the record raise objection to certain orders, made in these final decrees, sustaining demurrers to the class suit aspects of the bills, as well as objection to the entry by the court of earlier orders sustaining specified grounds of the demurrer assigned to the same aspects of the bills.

The appellees have moved to affirm the final decrees of the circuit court because they are said to be consent decrees which are not reviewable. This is of course generally correct as to true consent decrees. Garner v. Prewitt, 32 Ala. 13 (1858); Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145 (1947); City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160 (1953). In this case, the decrees recite that the parties stipulated in open court as to the correct sum of money that the appellants were entitled to recover in their individual capacities from the appellees. They also recite that the appellants expressly reserved the right to appeal the denial of a class status, and, that by consenting to the amounts of money set forth therein did not waive or impair this right to appeal. Appellants' right to appeal must rest on the statutory grounds for appeal and cannot be conferred merely by agreement of the parties nor the decree of the trial court. Stone v. Lewin, 8 Ala. 395 (1845).

The effect of sustaining several grounds of demurrer, specially directed to a certain part of a bill, is to strike out that part of the bill. The plaintiff afterwards may amend to cure the defect or, eliminate it or, if the bill still has equity, proceed without amendment on the remaining allegations. Steele v. Freeman, 250 Ala. 336, 34 So.2d 139. In the instant case the court sustained the appellees' specific grounds of demurrer assigned to those parts of the bills that sought to maintain the cause as a class suit and overruled the demurrers to the bills as a whole and insofar as they related to the individual capacities of the appellants to sue. The named appellants proceeded on the remaining allegations of the bills. On appeal from the final decrees we think the cause is reviewable insofar as the appeal seeks to challenge the action of the trial court in sustaining the grounds of demurrers specifically attacking those parts of the bills relating to a class suit. Steele v. Freeman, supra. The case of American Life Insurance Co. v. Powell, 260 Ala. 574, 71 So.2d 872, also recognizes an appellant's right on appeal to assign as error the entry

of an order or decree sustaining certain grounds of demurrer which are addressed to a particular aspect of a bill and over-ruling those addressed to the bill as a whole. The court said: "The effect is to strike out of the bill that aspect to which the demurrer was sustained unless it is reversed on appeal or amended." Likewise, in Barran v. Roden, 263 Ala. 305, 82 So.2d 398, we held that on appeal by the complainants, we would review a decree sustaining a demurrer to an aspect of a bill in equity, citing Steele v. Freeman, supra, and American Life Insurance Co. v. Powell, supra.

We are unable to reconcile any reasonable relation between the trial court's sustaining the appellees' demurrer to the class action aspect of the bill, which ruling, we think, the appellants have a right to have reviewed under Steele v. Freeman; supra; American Life Insurance Co. v. Powell, supra, and Barran v. Roden, supra, and the appellants' consenting to the monied sum to be awarded them. In our opinion none exists, and the appellees' argument that such partial consent waived the appellants' right to appeal the rulings adverse to the class on the demurrer is without merit. The appellants do not seek to review the part of the decree to which they have assented, but the adverse ruling on the demurrer which eliminated the class suit aspect from their bill.

In our opinion the errors complained of in this case may be assigned on appeals from the final decrees in the cause. Tit. 7, § 755, Code of Alabama, Recompiled 1958, amended 1961. Appellees' motions to affirm the final decrees of the trial court are therefore denied.

The specified section of the Alabama Small Loan Act under which appellants would maintain this equity suit is found in § 290(8) of Tit. 5, Code of Alabama, Recompiled 1958. It provides in part as follows:

"* * * If any amount in excess of the charges permitted by this article is charged, contracted for, or received, except as the result of an accidental and bona fide error of computation, the contract of loan shall be void and the licensee shall have no right to collect or receive any cash advanced, charges or recompense whatsoever * * *. Any borrower may recover the full amount of principal and charges paid by him on any contract made in violation of this section, together with a reasonable attorney fee, by action at law or in equity brought within twelve months from the date of the last payment of principal or charges on such contract."

The appellants who were complainants below are husband and wife, who borrowed a small sum of money from the appellees and have made payment thereon within twelve months next preceding the filing of the bill of complaint. They aver that they were required to pay illegal charges and usurious interest to the appellees in violation of the above provision of the Small Loan Act. No other complainants are specifically named in the bills. Without attaching to the bill any list of those whom the appellants would represent, they aver that there are others who likewise are borrowers of money from the appellees in varying amounts up to $300 under substantially similar contracts to those entered into by the appellants with the appellees, who also were charged and required to pay illegal charges and usurious interest in violation of said Act, that those constituting that class are so numerous that it is impracticable to bring them all in before the court, that the appellants will adequately represent that class, that the character of the right sought to be enforced for or on behalf of the class is several, that there is a common question of law or fact affecting the several rights, and that common relief is sought.

The bills further aver that those constituting the class are unable to obtain legal representation on a case by case basis because of the small sums of money involved and that no legal remedy is available to them except through a class action and to

deny them the right to maintain a class suit will foreclose their right to recover the amounts they are due. The alleged cause of action arises from illegal and usurious contracts knowingly made and entered into by the appellees contrary to said Small Loan Act and the express public policy of the state; and, finally it is alleged that the usurious interest and illegal charges were knowingly made as a part of a plan or scheme to extract illegal interest from said class.

The bills pray (1) that the contracts, notes, and mortgages executed to the appellees be declared null and void, (2) that those of record be ordered marked satisfied, (3) that appellees be permanently enjoined from enforcing any of said instruments of indebtedness, (4) that all assets and records of appellees be ordered held and conserved in trust for the use and benefit of appellants and the class whom they would represent, (5) that a master aid the court in an accounting against the appellees as to each account with complainants and all those of the class in order to determine the amounts of money paid appellees by all such borrowers for whom the class suit is maintained, (6) that the master notify by mail all members of the class to file claims for sums due them, (7) that the court enter a final decree in favor of those members of the class, who after notice intervened in the cause, for the sum of money paid by each to the appellees and found to be due said appellants and intervenors by the appellees, with interest and solicitors' fees, and that the relief prayed for be granted appellants and to those similarly situated individually.

The trial court held that a class action could not be maintained under the averments of the bills and sustained demurrers addressed to that aspect of the bills. Holding that the remaining allegations of the bills contained equity, the court overruled the demurrers to the bills as a whole and permitted the appellants to proceed to a final decree which was in favor of the appellants in their individual capacities.

The appellants have appealed the ruling of the trial court on behalf of the class. We are concerned only with procedural questions, that is, whether or not the appellants can maintain a class action under the allegations of their bills.

While the Alabama Small Loan Act is remedial in its nature, there is however no express provision in it for a class suit by aggrieved borrowers. The appellants maintain though that the authority for so doing is found in Equity Rule 31(a), Appendix to Title 7, Code of Alabama, Recompiled 1958. This states:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; or

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought; or

"(4) when the interests of those not made parties under this rule are contingent or executory."

Alabama's class action rule, Equity Rule 31, supra, re-adopted by the Supreme Court of Alabama on May 31, 1941, as to its first three categories of class action, follows categories one, two, and three of Federal Rule 23(a) of the Federal Rules of Civil Procedure as adopted in 1938 and as existing up to 1966. Alabama Equity Rule 31(a)

adds a fourth category, subparagraph (4), permitting a class action where the interests of non-parties are "contingent" or "executory." The latter rule in no wise applies in the present case.

The three categories of class actions found in Federal Rule 23(a) as originally adopted prior to 1966, have been referred to as "true," "hybrid" and "spurious." Moore, Federal Practice (2d Ed.) §§ 23.08, 23.09, 23.10, App. While such terminology has been criticized, Federal Practice and Procedure, Barron and Holtzoff (Rules Ed.), Vol. 2, § 562, most courts use the Moore terminology only as a handy labeling device and not as truly descriptive, Puget Sound Alumni of Kappa Sigma v. City of Seattle, 70 Wash.2d 222, 422 P.2d 799, nor as a criticism. Oppenheimer v. F. J. Young and Co., Inc., 3 F.R.D. 220, 224 (S.D.N.Y., 1943).

In 59 Am.Jur.2d, Parties, § 51, p. 414, the following statement is made concerning these three categories:

"§ 51. Types of class actions under the Federal Rules and similar provisions.

"The class action Rule as set forth in Rule 23(a) of the Federal Rules of Civil Procedure as originally adopted and as existing up to 1966, and in the state statutes and rules of procedure adopting such Federal Rule, was regarded by both federal and state courts, and may still be so regarded by state courts, as defining three different species of class actions, differing in regard to the character of the rights sought to be enforced and in regard to the binding effect of the judgment in the class action upon the actual and virtual parties to such action, namely, the true, the hybrid, and the spurious class action.

"The 'true' class action, which is the invention of equity, is the one which involves the enforcement of a right which is joint, common, or secondary or derivative.

"The 'hybrid' class action involves the enforcement of rights which are several, where the object of the action is the adjudication of claims which affect specific property impounded in the action.

"The 'spurious' class action under Rule 23(a)(3) involves the enforcement of rights which are several where there is a common question of law or fact and a common relief is sought. The spurious class suit is merely a permissive joinder device in which the right and the liability of each individual plaintiff are distinct. The class is formed solely by the presence of a common question of law or fact, and there is no jural relationship among the members of the class. It is an anomaly because it does not involve a recognizable class and is not supposed to adjudicate rights of absent members of the class. The real justification for the spurious type of action is its convenience in litigating numerous individual claims in one action. It is really an invitation to all persons similarly situated to join the action and litigate their several claims, but except to the extent that common claims are litigated, it has no binding effect on the members of the class who are not parties to the action. Procedure in this respect is largely a matter of discretion of the trial court."

Alabama's Equity Rule 31(a) was adopted directly from the original Federal Rule 23(a) as to the first three categories. For convenience we will allude to the three categories set out in our Equity Rule 31(a), by the same terminology as Professor Moore, that is, "true," "hybrid" and "spurious," because Rule 23(a) of the Federal Rules of Civil Procedure has already received judicial interpretation in many respects using these labels, and there seems to be a want of judicial construction of our rule as applicable to the particular facts of this case. Therefore federal cases decided prior to the 1966 new Rule 23 will be of particular benefit in understanding and determining our Rule 31.

It is clear to us that the cause does not come within the first category, denominated a "true" class action, because the character of the right sought to be enforced for the class is not "joint," or "common," or "secondary." The claims which the appellants attempt to assert on behalf of all borrowers are distinct and are possessed separately by each borrower individually against the appellees.

In Puget Sound Alumni of Kappa Sigma v. City of Seattle, 70 Wash.2d 222, 422 P. 2d 799, twelve plaintiffs, claiming the right to represent a total of ninety-two persons in what they considered a true class action sought from appellant sums of money paid in connection with street vacations and to enjoin further collection of such charges. The court denied the class action claim, but granted the injunction. The plaintiffs cross-appealed from the dismissal of the claim for a class action in behalf of the ninety-two persons who paid the charges sought to be recovered. On appeal the court said that it was necessary to determine whether the claim which the plaintiffs attempt to assert in behalf of all ninety-two persons is a true class action based on a right, characterized as joint or common, or whether the claim is a spurious class action. The court then observed that the correct classification of an asserted claim is dependent upon the jural relationship of the members of the class and that it is this character of the right, sought to be enforced for or against the class, which determines its classification:

In summing up the court said:

"In the present case, the claims asserted against the city of Seattle do not have the characters of either joint or common right as used in class actions under Rule 23. Each claim for recovery differs upon the respective appraised values of the vacated streets abutting the respective properties. This is a spurious class action and the rights of absent parties may not be determined in this action. * * * "

In Kainz v. Anheuser-Busch, Inc., 194 F.2d 737 (7th Cir., 1952), three partnerships and one individual, separately engaged in operating retail liquor stores brought suit under the Clayton Act, as amended, charging discrimination and unfair competition on the part of the defendants. The action was brought as a class action for the benefit of the plaintiffs and all the parties named in the plaintiffs' exhibit attached to the complaint which averred that all these parties and others not specifically named constituted a class so numerous as to make it impractical to bring all of them before the court, that all the persons mentioned in the exhibit had authorized institution and prosecution of the action in their behalf, that plaintiffs would fairly insure adequate representation of all members of the class that the rights sought to be enforced are several but embrace common questions of law and fact, and that common relief was sought. The plaintiffs further averred discrimination against all members of the plaintiffs' class in fixing prices against them in the sale of beer and services. In its opinion the court said in explanation of why this was not in fact a true class suit that:

"* * * From the wording of the rule itself and repeated judicial pronouncements concerning it, it is obvious that the present suit is not one wherein the rights sought to be enforced are joint, common or derivative. Equally as obviously, we think, the action is not one in which the object is the adjudication of several claims affecting specific property, i. e., the hybrid class action."

■ The second category, commonly known as a "hybrid" class action includes suits where the rights sought to be enforced are several and the object is to adjudicate separate claims against specific property. Such specific property has been, for example, trust funds, realty and the assets of an insolvent. As stated above, this hybrid category is clearly without application to the facts as averred in the appellants' bill.

Having eliminated possible application of the "true" and "hybrid" categories of class action to the present case the question remains as to whether the present equity suit comes within the category of "spurious" class action under the language of our Equity Rule 31(a)(3), supra, that is, one where the character of the right sought to be enforced for or against the class is several and there is a common question of law or fact affecting the several rights and a common relief is sought.

The spurious class action is well characterized by Professor Moore, Moore's Federal Practice (2d Ed.), Vol. 3B, § 23.10(3), at 2601, App. as follows:

"The spurious class suit was a permissive joinder device. The presence of numerous persons interested in a common question of law or fact warranted its use by persons desiring to clean up a litigious situation. While a purist may not like to have the third type of class action termed spurious, this label served to direct attention to the practical realities of litigation. The character of the right sought to be enforced for or against the class was

" '(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought.'

"There was no jural relationship between the members of the class, unlike, for example, the members of an unincorporated association, they had taken no steps to create a legal relationship among themselves. They were not fellow travelers by agreement. The right or liability of each was distinct. The class was formed solely by the presence of a common question of law or fact. When a suit was brought by or against such a class, it was merely an invitation to joinder—an invitation to become a fellow traveler in the litigation, which might or might not be accepted. It was an invitation and not a command performance."

The preceding cases of the abutting landowners suing for return of monies had by the city or the various liquor store owners suing collectively for their several damages are apt examples of the spurious class suit. Puget Sound Alumni, supra; Kainz v. Anheuser-Busch, supra.

■ Judgment in the "spurious" class action is conclusive and binding only on the parties to the action who are before the court and extends only to the plaintiffs becoming parties before judgment. No member of the "class" is bound by a judgment unless he is present, that is, unless he becomes an actual party by joinder or intervention. Where the only common interest of members of a class is a common interest in some of the questions of law or fact involved in a suit relating to rights which are several, the judgment cannot, consistently with due process, be binding upon or affect the rights of any persons other than those who are or may become actual parties to or participants in the litigation. 59 Am.Jur.2d, Parties, § 53, p. 420.

■ As requisites to the maintenance of any class suit under our Equity Rule 31(a), the persons constituting the class must be so numerous as to make it impracticable to bring them all in before the court, and if so, such of them, one or more, as will fairly insure the adequate representation of all, may sue on behalf of all. These common requisites are averred in the bill and no specific ground of demurrer tests the sufficiency or form of these averments. One ground of demurrer does attack the sufficiency of the two named appellants to represent the class to determine whether a spurious class action is maintainable. The rule, however, is that one or more may sue on behalf of all, if such insure the adequate representation of all.

■ In Oppenhiemer v. F. J. Young and Co., Inc., 144 F.2d 387, 390 (2nd Cir.,

1944), the court made this pertinent comment:

> " * * * Inasmuch as persons who do not become parties cannot be affected by the decision, we need not go further as to the adequacy of plaintiffs' representation of others in the class. * * * Weeks v. Bareco Oil Co., 7 Cir., 125 F. 2d 84. If it shall later appear that the plaintiffs are not able within a reasonable time to obtain others to intervene in the class action it may properly be dismissed as a class action because of lack of adequate representation of members of the class."

It follows that the standard of fair and adequate representation may not be as strict in a "spurious" type as in a "true" class action. Carroll v. American Federation of Musicians, 372 F.2d 155 (2d Cir., 1967), vacated on other grounds 391 U.S. 99, 88 S.Ct. 1562, 20 L.Ed.2d 460, rehearing denied 393 U.S. 902, 89 S.Ct. 64, 21 L.Ed.2d 189.

In speaking to Rule 23(a)(3) of the Federal Rules of Civil Procedure, as originally enacted, and thus by logical extension to Equity Rule 31(a)(3), § 62 of 59 Am. Jur.2d, Parties, p. 435, states:

> "The class action Rule * * * specifically authorize[s] * * * a class action where the character of the right sought to be enforced for or against the class is several and there is a common question of law or fact affecting the several rights and a common relief is sought * * *.

> " * * * [I]t is not necessary that all the members of the class be identically situated, if there are substantial questions either of law or fact common to all. The mere fact that in defense of the action different factual situations may arise with respect to the defenses as to different plaintiffs (as in the case of laches, estoppel, etc.) does not derogate from the fact that the affirmative cause of action itself has the community of interests and of questions of law or fact which justify the class action concept. The class is formed solely by the presence of a common question of law or fact and there is no jural relationship among the members of the class. * * *"

The averments of the bills are substantially that, though contracts for loans were made by the appellants and the class, separate and apart, and at different times, in different amounts of money up to $300, and consequently, the recovery of each borrower may be different, the contracts were substantially similar, and all of those constituting the class were required under the contracts to pay the appellees illegal charges and usurious interest, exacted by the appellees in pursuance of a common and substantially identical scheme in the loan to each borrower in violation of the Small Loan Act. In our opinion this allegedly illegal practice presents common questions of law and fact sufficient to permit these appellants to maintain a representative class action under our Equity Rule 31(a)(3).

The appellees contend that the matters complained of do not present a cause for common relief as to the borrowers. We think the appellees' contention is clearly answered in the court's opinion in the case of Kainz v. Anheuser-Busch, Inc., 194 F.2d 737, 743 (7th Cir.), where it is stated:

> "Obviously, the phrase 'common relief,' as used in the rule, was not intended to mean joint relief, for the expressed purpose is to permit joinder of parties who have several or separable causes of action. Hence to say that 'common' means 'joint' is to defeat the very purpose of the rule. 'Common relief' for persons having separate causes of action who may recover only several judgments, it seems to us, must mean, in order to give life to the purpose of the rule, relief emanating from the same original source, either by way of grant, contract, tort or statute, where the

claims of all beneficiaries flow from the same fountain but are allowed not in a joint judgment but in several judgments. Strictly speaking, this may not be common relief in many senses, but it is separate relief for each growing out of a common source of right to recover. The same character of right to recover exists in several; in that sense, when there are common issues of fact and law, we think, the relief is common within the meaning of the rule. To hold otherwise is to destroy the so-called spurious class entirely, for, if the relief to be recovered by several members of the class in separate judgments must be a common or joint judgment, then the whole provision is meaningless. The rule clearly contemplates, we think, relief in the form of separate similar judgments, emanating from the same source in law and grounded upon common questions of fact."

We conclude that the bills were properly brought and are maintainable as representative "spurious" class actions under Alabama Equity Rule 31(a) subparagraph (3), and that the trial court erred in sustaining appellees' demurrers to this aspect or part of the amended and supplemental bills and in striking and deleting the same from the bills.

■ Opportunity for any borrowers of the same class as appellants to join or intervene in the cause, before the trial thereof, should be afforded those so desiring. The running of the statute of limitations as to such as will intervene shall be deemed to have been tolled at the time of filing of the original bill of complaint on behalf of the class. Moore's Federal Practice (2d Ed.), Vol. 3B, § 23.12, App.; Escott v. Barchris Construction Corporation, 340 F.2d 731, 733 (2d Cir., 1965).

■ ■ The appellants have urged us in event of reversal to face anticipated procedural issues that may arise hereafter in the nisi prius court. It is elementary that, with limited exceptions, this is a court of appellate jurisdiction whose duty is to review matters passed upon or decided by the nisi prius court. It is not within our province to decide in advance questions not determined by the court below and reserved for decision by decree. Bean v. Northcutt, 240 Ala. 289, 199 So. 7 (1940); McDowell v. Columbia Pictures Corporation, 281 Ala. 438, 444, 203 So.2d 454 (1967). We therefore decline to write to the matters requested by the appellants in brief.

For the reasons stated the cause is reversed and remanded. The order sustaining the appellees' demurrers to the class action aspect of the amended and supplemental bills of complaint and striking and deleting it from the cause is ordered set aside with direction that the said aspect of the bills be ordered reinstated and the cause proceed in accordance with the announcements herein.

Reversed and remanded with direction.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and JONES, JJ., concur.

MERRILL, COLEMAN, HARWOOD and MADDOX, JJ., dissent.

MADDOX, Justice (dissenting).

I respectfully dissent. In my judgment, the majority has today, in effect, overruled this Court's opinion and judgment in Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738, decided September 14, 1972. My views on the right to maintain a class suit to recover a statutory penalty are fully expressed in my special concurrence on application for rehearing in the Taylor case.

COLEMAN and HARWOOD, JJ., concur.

ON APPLICATION FOR REHEARING

MADDOX, Justice (dissenting).

I would grant the rehearing on the grounds stated in my separate opinion in Taylor v. Major Finance Co., 289 Ala. 458,

268 So.2d 738 (1972), and also to determine whether the action has become moot under the authority of Indiana Employment Security Division et al. v. Burney, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62, decided January 17, 1973.

MERRILL, COLEMAN and HARWOOD, JJ., concur in dissent.