PER CURIAM.
This case involves children who were summarily removed from their home by the Department of Pensions and Security, and the precise question presented by the petitioner in her request that we review the decision of the Court of Civil Appeals is: Could the juvenile judge consolidate the hearing required by Code 1975, § 12-15-60 (hearing required to be held within 72 hours “to determine whether continued detention or shelter care is required”) with the hearing required by Code 1975, § 12-15-65 (the hearing on the merits)?
We granted the writ to review petitioner’s claim of error on the ground that there was probable merit in her contention that the two hearings could not be combined, but after hearing oral argument on the issue and reviewing the briefs of the parties, we are of the opinion that we should not reach the merits because we find that the petitioner did not properly raise the issue in the trial court, as we will demonstrate by a summary of the facts. A more complete statement of the facts appears in Linnell v. Lee County Department of Pensions and Security, 484 So.2d 451 (Ala.Civ.App.1985).
On March 21, 1984, the Lee County Department of Pensions and Security removed the children involved from their home without notice to their parents. On March 22, the Department filed a petition in the District Court of Lee County, Juvenile Division, asking the court to grant temporary custody to the Department because the children were without proper care and supervision. On the following day, March 23, the court held a hearing on this petition, and after listening to testimony and examining exhibits, found the children to be dependent and granted temporary custody to the Department.
On August 6,1984, the mother’s attorney filed a motion with the trial court and asked that custody of the children be returned to her. A hearing on this motion was held on August 17, and the court reaffirmed its earlier order that custody should remain with the Department until further orders of the court.
On August 27, 1984, the mother’s attorney filed a “Motion to Vacate Judgment and Render Judgment for the Natural Mother or, in the Alternative for a New *457 Trial.” The primary ground urged in support of this motion was that an “Updated Court'Summary” of the family’s case history admitted into evidence by the court at the August 17 hearing should have been excluded as hearsay, and that the court improperly considered it over objection.
The court began a hearing on this motion on August 31, which was continued to, and completed on, September 5. The court refused to vacate its March 23 adjudication that the children were dependent, but removed custody from the Department and placed the children in the temporary care of their paternal grandparents. Another, more lengthy “Updated Court Summary” was allowed into evidence at this hearing over objections by the mother’s attorney. Following its consideration of the evidence, the court denied the mother’s motion for a new trial.
Petitioner appealed this order to the Court of Civil Appeals, arguing that the “Updated Court Summary” admitted into evidence at the August 31 — September 5 hearing should have been excluded as hearsay. The Court of Civil Appeals disagreed, holding that the August 31 — September 5 hearing was dispositional under Code 1975, § 12-15-65, and thus, “all relevant and material evidence helpful in determining the questions presented, including oral and written reports, [could] be received by the court.” Code 1975, § 12-15-65(f).
There is no question that, as petitioner contends, when children are summarily removed from their home, certain hearings are required under the Alabama Code. First, a hearing must be held within 72 hours of a summary removal to determine whether continued shelter care is required. Second, pursuant to § 12-15-65, a hearing on the merits of the petition itself is required to determine if the children are, in fact, dependent, and there must be a dispositional hearing to determine who should be given custody of the children.
Petitioner contends that the Code prohibits combining the 72-hour hearing with the hearing on the merits; thus, petitioner contends that the Court of Civil Appeals erred when it stated that “[t]he statutes do not, as the mother alleges, prevent the 72-hour hearing and the hearing on the merits from being held on the same day.”
Respondent contends that petitioner’s arguments were not presented to the trial court and were raised only after the Court of Civil Appeals issued its opinion; respondent contends that this Court should not address the issue, because it was raised for the first time on petition for certiorari, Green v. Taylor, 437 So.2d 1259 (Ala.1983), and the rule against raising an issue for the first time at the appellate level applies even if the issue raised would present constitutional questions. Cooper v. Green, 359 So.2d 377 (Ala.1978). We agree. Clearly, a lower court may not be put in error for failure to rule on a matter which was not presented to it or decided by it. City of Rainbow City v. Ramsey, 417 So.2d 172 (Ala.1982); Echols v. Star Loan Co., 290 Ala. 76, 274 So.2d 51 (1973).
Petitioner contends that she had no reason to raise the issue of consolidation of the two hearings in her appeal to the Court of Civil Appeals, because the trial court ruled in her favor and declared that the August 31 — September 5 hearing was on the merits of the Department’s petition for custody. She points to the following colloquy between the trial judge and her trial counsel to support her claim:
“JUDGE BAKER: Then that’s what we’re here for_ According to his [petitioner’s counsel’s] argument, that’s why we’re here. So let’s proceed and hear it all.
“MR. MARTIN: OK. So, this is the hearing on the merits of the petition itself.
“JUDGE BAKER: That’s right. That’s what you asked for is a new trial. So ... OK.
“MR. MARTIN: All right.”
Petitioner contends that this exchange between the juvenile judge and her attorney shows that the trial judge was granting her a new trial on the merits, and that she had no reason to believe, as the Court *458 of Civil Appeals found, that the 72-hour hearing and the hearing on the merits had been consolidated on March 23, until the Court of Civil Appeals made that determination in its opinion and opined that the two hearings could be combined. She, therefore, contends that the legality of the consolidation is properly before this Court.
While the procedure used in this case is not a model of clarity, we believe that the entire record, when examined, shows that petitioner knew, or should have known, that the two hearings had been consolidated at the trial level. The trial judge, after the August 31 — September 5 hearing on petitioner’s “Motion to Vacate Judgment and Render Judgment for the Natural Mother or, in the Alternative for a New Trial,” refused to vacate his March 23 adjudication that the children were dependent and denied petitioner’s motion for a new trial. When the entire record of this August 31 — September 5 hearing is examined, it is apparent to us, and it should have been apparent to petitioner, that the hearing was one to determine whether petitioner was entitled to have the prior adjudication of dependency overturned.
The following conversations between the trial judge and petitioner’s trial counsel show that the trial judge felt that the hearing on the merits had been held prior to the August 31 — September 5 hearing:
“MR. MARTIN: Judge, I’d like to figure out where in the proceedings we are according to the Code. We have, as I understand it, Judge, in these proceedings, in any case where there’s a dependency case where the children are removed from the home prior to a court hearing, summarily removed, there is a 72 hour hearing. That 72 hour hearing was held back in March when the children were first removed. There is a second hearing that follows thereafter and that hearing is on the merits of the petition, and we have not had that hearing. And then there’s a third hearing which is a dispositional hearing to determine what should happen with regards to the children and we have not had that hearing.
“JUDGE BAKER: Well, not in — You consolidate in court, as always, and that’s what I’m on now, if that’s what you want, is a ruling. In dependency and children in need of supervision, we don’t have what we, we do not have any case in which we have the adjudication and then subsequently have a dispositional hearing. Those are combined because there really isn’t any good reason to string it out. And I don’t think the Code is real clear as to what should be done and, but that has long been the way the Code of the juvenile court, long before I came here, [sic]
[[Image here]]
“MR. MARTIN: The, at the seventy two hour hearing where the issue is whether the children should be continued in shelter care, there's a more liberal rule of evidence than at the hearing on the petition itself. The hearing on the petition itself has a more narrow rule of evidence, fewer things can be admitted, hearsay is not admissible to the same degree, etc., and then on the dispositional hearing, again, hearsay and everything else, just like at a sentencing hearing, can be brought in. But it’s at the interim hearing, the hearing on the merits of the petition itself, where strict rules of evidence apply. And that’s why I don’t believe we’ve had that hearing.
“JUDGE BAKER: Oh, we’ve had that hearing. We had that hearing_
<( # ⅜ ⅜
“JUDGE BAKER: I think — the original order, well, to be exact about it, Ms. Gloria Higgins is the one that called. “MR. SPEAR: Was on call worker. “JUDGE BAKER: That called, was on call and she, there were several policemen, and I forget their names but, anyway, they were out there, went out there with her or met her out there. And, of course, at that time the children advised her that if they would call, if she would call her, for their grandfather, who is J.W. Lawler, that he would come and get *459 them. So, thats what she did and Mr. Lawler came and got them. All right, that appears to be about the 22nd day of March, in which decree of [adjudication removal order was signed. So it was the night before that all this, well, it was the 21st when Ms. Higgins appeared before me and asked for a removal order which was signed on the 21st. All right, so, it was filed, of course, on the 22nd. Then [the] pre-adjudication removal order set the hearing on the 23rd and that’s the hearing that you’re talking about.
“MR. MARTIN: That’s the seventy two hour hearing.
“JUDGE BAKER: So that’s the seventy two hour one and, of course, a guardian was appointed and we had a hearing and an order was entered on that.”
Although the exchange between the trial judge and petitioner’s counsel is somewhat confusing, a fair reading of the exchange shows that the trial judge repeatedly stated that the hearing on the merits had been held on March 23. Furthermore, petitioner herself had requested a change in custody by a petition filed by her on August 6, and the trial judge, after conducting a hearing on this petition on August 17, had denied her request and had, in effect, reaffirmed his determination, made on March 23, that the children were, in fact, dependent and that their custody should remain with the Department of Pensions and Security until further orders of. the court. Consequently, petitioner was aware, or should have been aware, at the time of the above-quoted exchange between trial counsel and the trial judge that the 72-hour hearing and the hearing on the merits had been consolidated, and if petitioner wanted to raise the legality of this consolidation, she should have done so at that time.
Based on the particular facts of this case, therefore, we hold that the question of the legality of the consolidation of the 72-hour hearing with a hearing on the merits is not properly before us; consequently, we do not decide whether it was proper to consolidate the two hearings-. We point out, however, that if there is some question about the propriety of the consolidation of the various hearings required in dependency cases, as the trial judge suggested, then the legislature can correct the matter by adopting appropriate legislation to clear up any ambiguity. We, of course, do not decide the legal question in this case, because it is not properly before us. We express no opinion, therefore, about the correctness of the statement in the opinion of the Court of Civil Appeals to the effect that the hearings can, in fact, be properly consolidated.
For the reasons we have set out in this opinion, the writ should be quashed.
WRIT QUASHED.
MADDOX *, FAULKNER, JONES, SHORES, BEATTY and HOUSTON, JJ., concur.
TORBERT, C.J., dissents.
ADAMS, J., not sitting.