BRYAN, Justice.
The Board of Equalization and Adjustment of Shelby County (“the Board”) appeals from a consent judgment reflecting an agreement between the Board and Shelby 39, LLC (“Shelby 39”). The Board argues that the circuit court lacked subject-matter jurisdiction over certain matters decided by the consent judgment. We affirm.
The Board inspects, reviews, revises, and fixes the value of all property returned to or listed with the county tax assessor for each year. § 40-3-16, Ala.Code 1975. Shelby 39 is a real-estate developer. In 2009, 39 subdivision-property lots (“the lots”) owned by Shelby 39 were assessed for taxation at a market value of $44,940 each. Shelby 39 protested the assessment *942 to the Board, and the Board upheld the assessment. On July 12, 2010, Shelby 39 appealed the Board’s decision to the circuit court, pursuant § 40-3-24, Ala.Code 1975. The appeal remained pending in the circuit court for an extended period. During the pendency of the appeal, Shelby 39 amended its notice of appeal to challenge the 2010 and 2011 assessments of the lots. The Board filed a motion to strike the amended appeal regarding the 2010 assessment, but the Board did not move to strike the amended appeal regarding the 2011 assessment. The Board’s motion to strike alleged that there is no statutory authority for such an amendment and that Shelby 39 failed to follow the required procedures before an assessment may be reviewed by the circuit court.
During the pendency of the appeal, the Board and Shelby 39 agreed to settle the dispute regarding the value of the lots for the years 2009, 2010, and 2011. The parties filed an agreement stipulating to the value of the lots and asking the circuit court to enter a consent judgment reflecting that agreement. Accordingly, the circuit court entered a consent judgment establishing, for taxation purposes, the value of the lots at $35,000 per lot for each of the years 2009, 2010, and 2011. The Board did not reserve any issue for appeal. Despite agreeing to the consent judgment, the Board appealed to this Court, pursuant to § 40-3-25, Ala.Code 1975.
On appeal, the Board argues that the consent judgment should be vacated insofar as it set the values of the lots for 2010 and 2011 because, the Board says, the circuit court lacked subject-matter jurisdiction to set those values. The Board does not argue that the circuit court lacked jurisdiction to determine the 2009 values. Typically, a party may not appeal from a consent judgment. However, an exception exists- for consent judgments entered in excess of a court’s jurisdiction. In Jetton v. Jetton, 502 So.2d 756, 759 (Ala.1987), this Court explained:
“This Court has held that generally consent judgments are not reviewable on appeal because the consent of the parties waives prior irregularities and constitutes a release of errors. Echols v. Star Loan Co., 290 Ala. 76, 274 So.2d 51 (1973); City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160 (1953); Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145 (1947). 4 C.J.S. Appeal & Error § 213 p. 629-30 (1957) provides:
“ ‘Since a party may appeal only from an involuntary adverse judgment, it is a well settled general rule, declared in some states by express statutory provision, that a party is not aggrieved by a judgment, order, decree, or ruling regularly rendered or made, on agreement or otherwise, with his express or implied consent, and therefore he cannot appeal or sue out a writ of error to review it, even though there has been an attempt to reserve the right to appeal.... A party consenting to a judgment is conclusively presumed to have waived all errors, except those going to the jurisdiction of the court.’ ”
In response, Shelby 39 seems to argue that a court’s subject-matter jurisdiction may not be challenged on appeal following the entry of a consent judgment. Citing various cases, Shelby 39 argues that a consent judgment may be set aside only for fraud or mistake, which are not issues in this case. For example, in Hanson v. Hearn, 521 So.2d 953, 954 (Ala.1988), this Court stated: “[A] consent judgment is in the nature of a contract or a binding obligation between parties and can be set aside only upon a showing of fraud or mistake.” See also State Highway Dep’t v. Parsons, 623 So.2d 285, 290 (Ala.1993) *943 (“ ‘[Settlement] agreements ... will not be set aside except for fraud, collusion, accident, surprise or some ground of this nature.’ ” (quoting Brocato v. Brocato, 332 So.2d 722, 724 (Ala.1976))); and Frasemer v. Frasemer, 578 So.2d 1346, 1348 (Ala.Civ.App.1991) (“The consent judgment acts as a final settlement of the claims raised, under which the parties waive errors and irregularities, absent fraud or mistake.”). The cases cited by Shelby 39 concern when the merits of a consent judgment may be reviewed if the trial court had jurisdiction to enter the judgment; those cases should not be read as stating that a consent judgment may not be challenged for lack of subject-matter jurisdiction. “‘[J]urisdietion over the subject matter cannot be created by waiver or consent’ ” and “ ‘th[at] matter may be raised on appeal.’ ” Mobile & Gulf R.R. v. Crocker, 455 So.2d 829, 831-32 (Ala.1984) (quoting Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517 (1967)). It is axiomatic that a court without subject-matter jurisdiction over a case cannot enter a judgment, even a consent judgment, deciding the merits of the case. Thus, we will consider whether the circuit court had subject-matter jurisdiction to enter the consent judgment regarding the values of the lots for 2010 and 2011.
The Board argues that the circuit court lacked jurisdiction as to the 2010 and 2011 valuations because, the Board says, Shelby 39 did not follow the proper procedure for appealing those valuations to the circuit court. The Board notes that, “[i]n order to invoke the trial court’s jurisdiction in a tax appeal, the taxpayer must strictly comply with the statute that governs the procedures for that appeal.... Strict compliance with the statute is jurisdictional.” State Dep’t of Revenue v. Garner, 812 So.2d 380, 383-84 (Ala.Civ.App.2001) (stating that a circuit court lacked jurisdiction over an appeal when taxpayers failed to comply with the requirement found in § 40-2A-9(g)(l), Ala.Code 1975, directing the taxpayers either to pay the disputed amount or to file a supersedeas bond).
Initially, we discuss the procedures for challenging valuation, which differ depending on whether the valuation of the property increases. In this case, the record does not contain the 2010 and 2011 tax assessments, and it is unknown whether the valuation of the lots for those years increased over the previous year’s valuation. If valuation of the property “is increased by the ... [B]oard ... over the assessed value thereof for the next proceeding year, the taxpayer shall be furnished ... with a statement showing separately the value of ... his or her real property.” § 40-7-25. A taxpayer may file an objection to the valuation of the property with the Board “within 30 calendar days of the date of the statement.” Id.
If the valuation of the property has not increased over the next preceding year, § 40-3-20, Ala.Code 1975, governs objections to the Board. That section provides that, upon the Board’s review of property returned to or listed with the assessing official, or tax assessor,
“the assessing official shall give notice by publication once a week for two consecutive weeks in a newspaper published in the county. If no newspaper is published in the county, the notices shall be posted in three public places in each precinct of the county. The notices shall state that the assessed valuations of all property listed for taxation have been fixed as provided by law, that the tax return lists showing the assessed valuations are in his or her office and open for public inspection, that the board of equalization will sit at the courthouse of the county on the date specified by the *944 Department of Revenue to consider any protests that may be filed by any taxpayer as herein provided, and that any taxpayer, who is not satisfied with the valuations of his or her property as fixed and entered on the return lists as required herein, may file objections in writing to the assessed valuations with the secretary of the board, within 30 calendar days of the date of final publication of the notice.”
§ 40-3-20.
Section 40-3-16 provides that tax agents or representatives working with the Board should seek to interview each taxpayer who files a protest. If the interview does not result in an agreement, the Board must hold a hearing to consider the taxpayer’s protest if the protest was filed “within time.” § 40-3-16. After the hearing, the Board sets the final valuation, see § 40-3-19, Ala.Code 1975, and the taxpayer may appeal that final valuation to the appropriate circuit court under § 40-3-24. Section § 40-3-25 provides for an appeal from the circuit court’s judgment to this Court.
The Board argues that the circuit court lacked jurisdiction to enter the consent judgment deciding the 2010 and 2011 values because, the Board says, Shelby 39 did not follow the proper procedure, outlined above, for perfecting the appeal to the circuit court. The alleged irregularities may be broadly classified into two groups — the procedures before Shelby 39’s amendments of the notice of appeal appealing the 2009 assessment to the circuit court and the amendments of that notice of appeal themselves. Regarding that first group, although we are concerned about whether the proper procedures were followed, the Board’s argument is unpersuasive in light of the sparse record in this case. The record contains no evidence establishing which processes were or were not followed by both the Board and Shelby 39 regarding the 2010 and 2011 assessments.[1] Shelby 39’s brief implies that the statutory procedures were not followed, but the record does not affirmatively indicate that. Thus, the Board asks us to set aside parts of a consent judgment, which the Board itself agreed to, based on allegations that cannot be verified by the record. “It is the duty of ... the appellant[ ] to demonstrate an error on the part of the trial court; this court will not presume such error on the part of the trial court.” G.E.A. v. D.B.A., 920 So.2d 1110, 1114 (Ala.Civ.App.2005). “An appellate record cannot be factually enlarged or altered by factual allegations found in a party’s brief_The record on appeal must disclose the facts upon which the alleged error is founded before such an error may be considered by this court.” Grider v. Grider, 578 So.2d 1363, 1364 (Ala.Civ.App.1991). The Board has not established that the circuit court lacked subject-matter jurisdiction on the ground that the proper procedures were not followed before Shelby 39’s amendments to the notice of appeal.
However, the Board also argues that Shelby 39 could not invoke the circuit court’s appellate jurisdiction for the 2010 and 2011 assessments simply by amending its notice of appeal to the circuit court for the 2009 assessment. Before the circuit court, Shelby 39 relied on Ex parte Jefferson Smurfit Corp., 951 So.2d 659 (Ala.2006), in arguing that it could appeal the 2010 and 2011 assessments by amending *945 its notice of appeal. In that case, this Court concluded that a taxpayer petitioning for a refund under the Taxpayer Bill of Rights, § 40-2A-1 et seq., Ala.Code 1975 (“the TBOR”), may amend a notice of appeal to the circuit court to include another tax year that occurred after the filing of the notice of appeal. Adopting a flexible approach, this Court reasoned that neither the TBOR nor the Alabama Rules of Civil Procedure require a taxpayer to initiate a new action in the circuit court. Although this case does not involve the TBOR, we see no reason why the reasoning of Ex parte Jefferson Smurfit would not apply to this case. Like that case, neither the applicable statutory provisions in this case nor the rules of civil procedure prohibit Shelby 39 from amending its notice of appeal to include the 2010 and 2011 assessments.
The Board notes two additional differences between this case and Ex parte Jefferson Smurfit; neither of those differences compel a decision in favor of the Board. The Board notes that the TBOR contains a provision stating that the TBOR is to be “liberally construed to allow substantial justice,” § 40-2A-2(Z )a, Ala.Code 1975, and that the applicable statutory provisions in this case do not contain such a provision. Although this Court in Ex parte Jefferson Smurfit cited the TBOR’s “liberal construction” provision, it did so to bolster the main point that neither the TBOR nor the rules of civil procedure prohibited the amendment of the notice of appeal. The Board also notes that in Ex parte Jefferson Smurfit the preliminary administrative process was fully complied with before the taxpayer amended the notice of appeal. However, as noted, in this case the record is unclear regarding what procedures were or were not followed regarding the 2010 and 2011 assessments before the amendments to the notice of appeal; the Board has failed to present a record supporting its contention on this point.
At the end of its brief, the Board briefly mentions State v. Murphy, 45 Ala.App. 637, 235 So.2d 888 (Civ.1970). In that case, the Court of Civil Appeals concluded that the circuit court, in a tax appeal concerning assessments for a particular year, lacked jurisdiction to prospectively decide assessments for future years that had not been appealed. This case does not involve prospective relief regarding unappealed assessments. Thus, Murphy is inapplicable.
Based on the record before us, we affirm the circuit court’s consent judgment.
AFFIRMED.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. For instance, in its brief, Shelby 39 asserts that "the Board stopped sending any tax notifications to Shelby 39 after Shelby 39 initiated suit in the circuit court," Shelby 39's brief at 16, an assertion that the Board does not address in a reply brief. The record does not contain evidence supporting or contradicting Shelby 39's assertion.